1    SCOTT E. CHAPMAN, ESQ.                    (SPACE BELOW FOR FILING STAMP ONLY)
     Nevada Bar No.: 6592
2    DYLAN P. TODD, ESQ.
     Nevada Bar No.:  10456
3    McCORMICK, BARSTOW, SHEPPARD,
     WAYTE & CARRUTH LLP
4    8337 West Sunset Road, Suite 350
     Las Vegas, NV  89113
5    Telephone:     (702) 949-1100
     Facsimile:     (702) 949-1101
6    E-Mail:        scott.chapman@mccormickbarstow.com
     E-Mail:        dylan.todd@mccormickbarstow.com
7
     Attorneys for Plaintiffs
8
                        UNITED STATES DISTRICT COURT
9
                            DISTRICT OF NEVADA
10

11   PANLIANT FINANCIAL                    CASE NO. 12-1376
12   CORPORATION, a Nevada Corporation,
     ALAN G. SMITH, individually, A.G.
13   SOLUTIONS LIMITED, a British
     Columbia Business Entity,
14                                         **COMPLAINT FOR DAMAGES &**
                    Plaintiffs,            **DEMAND FOR JURY TRIAL**
15
            vs.
16
     ISEE3D, INC., a British Columbia
17   Corporate Entity, DWIGHT ROMANICA,
     individually, MARK GEOHEGAN,
18   individually, BAY MANAGEMENT
     LTD., a Florida Business Entity, ILYA
19   SOROKIN, individually, TOM
     MITCHELL, individually, InXsys Inc., a
20   British Columbia Business Entity
     individually, 1 through 10 DOE
21   INDIVIDUALS AND 11 through 20 ROE
     BUSINESS ENTITIES,
22
                    Defendants.
23

24          Plaintiffs PANLIANT FINANCIAL CORPORATION., a Nevada Corporation, ALAN G.

25   SMITH, individually, A.G. SOLUTIONS LIMITED, a British Columbia Business Entity, by and

26   through their attorneys of record of the law firm McCORMICK, BARSTOW, SHEPPARD,

27   WAYTE & CARRUTH LLP, hereby submits the following Complaint for Damages against

28   Defendants ISEE3D, INC., a British Columbia Corporate Entity, DWIGHT ROMANICA,

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP

79921-00000 2164982.1

individually, MARK GEOHEGAN, individually, BAY MANAGEMENT LTD., a Florida Business Entity, ILYA SOROKIN, individually, and DOE INDIVIDUALS AND ROE BUSINESS ENTITIES, as more fully set forth below.

Dated: August __2__, 2012

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP



By: _____
SCOTT E. CHAPMAN, ESQ.
Nevada Bar No. 6592
DYLAN P. TODD, ESQ.
Nevada Bar No. 10456
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113
Attorneys for Plaintiffs

## DEMAND FOR A JURY TRIAL

1.      Plaintiffs hereby demand a trial by jury on all issues, counts, claims and allegations contained within this Complaint or to be pleaded in the future, if necessary.

## JURISDICTION AND VENUE

2.      This action is brought under the federal Racketeer Influenced and Corrupt Organization Act ("RICO Act"), 18 U.S.C. §1961, *et seq.*, and various other Nevada common law doctrines and/or statutes.  Jurisdiction is vested in this Court by virtue of 17 U.S.C. §501(b) and 28 U.S.C. §1331.  Plaintiffs' claims brought under Nevada law are so related to Plaintiffs' Federal claims, over which the Court has original jurisdiction, that they form part of the same case or controversy.   Under Article III of the United States Constitution, the Court has supplemental jurisdiction over Plaintiffs' Nevada common law and/or statutory claims pursuant to 28 U.S.C. §1367.

3.      This Court further and alternatively has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because of diversity of citizenship.  Plaintiff's business entity is a Nevada Corporation and the other Plaintiffs are citizens and residents of the province of British Columbia, Canada (see paragraphs 6-7 below).  Defendants are citizens and residents of various other states and for the relevant claims in this Complaint conduct or have conducted business in the State of

1    Nevada.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

2        4.        A substantial part of the events and omissions giving rise to the claims stated

3    herein occurred in this District (in the state of Nevada) and at least one defendant has conducted

4    business in this District, while one of the Plaintiffs is a Corporation in this District and conducts

5    business in this District.  Venue is proper in this District and this Division pursuant to 28 U.S.C.

6    §§1391(b)(2) and (3) and pursuant to 18 U.S.C. §1965(b).

7                            **PARTIES TO THIS LITIGATION**

8        5.        Plaintiff, PANLIANT FINANCIAL CORPORATION ("PANLIANT"), is a

9    corporation incorporated under the laws of the State of Nevada, with its principal place of business

10   in Nevada, owned 50% by SMITH and 50% by ROMANICA.

11       6.        Plaintiff, A.G. SOLUTIONS LIMITED ("AG"), is a corporation incorporated

12   under the laws of the province of British Columbia, Canada with its principal place of business in

13   British Columbia, Canada, which has conducted business in Clark County, Nevada.

14       7.        Plaintiff, ALAN G. SMITH ("SMITH"), is an individual that resides in British

15   Columbia, Canada.

16       8.        Upon information and belief, ISEE3D, INC. ("ISEE3D") is a business entity

17   incorporated under the laws of the province of British Columbia, Canada doing business in Nevada,

18   among other jurisdictions.

19       9.        Upon information and belief, DWIGHT ROMANICA ("ROMANICA") is

20   competent adult, a resident and citizen of Ontario, Canada;

21       10.       Upon information and belief, MARK GEOHEGAN ("GEOHEGAN") is competent

22   adult, a resident and citizen of Florida;

23       11.       Upon information and belief, BAY MANAGEMENT LTD. ("BAY") is a Business

24   Entity incorporated in the State of Florida;

25       12.       Upon information and belief, ILYA SOROKIN ("SOROKIN") is competent adult,

26   a resident and citizen of New York;

27       13.       Upon information and belief, TOM MITCHELL ("MITCHELL") is competent

28   adult, a resident and citizen of British Columbia, Canada;

14.     That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of defendants DOES 1 through 10 and ROE Corporations or Business Entities 11 through 20, inclusive, are unknown to Plaintiff, who therefore, who therefore sue said defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each of the defendants designated herein as DOE and ROE is responsible in some manner for the events and happenings referred to herein, and as a result proximately caused damages to Plaintiff as herein alleged.  These Plaintiffs may ask leave of this court to amend this Complaint to insert the true names and capacities of DOES 1 through 10 and ROE Corporations or Business Entities 11 through 20, inclusive, when the same have been ascertained, and to join such Defendants in this action.

15.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, each of the Defendants was acting as the agent, representative, alter ego and/or under the alias of the other Defendants, and was acting in concert with each of the other remaining Defendants in doing the things herein alleged, one with another, while at all times acting within the course and scope of such agency.

## ALLEGED CO-CONSPIRATORS

16.     Upon information and belief, Plaintiffs are informed and hereby allege that at all times relevant hereto, that there are potentially other various parties or entities that have conspired with the above Defendants to defraud Plaintiffs as herein alleged.  Plaintiffs reserve the right to amend this Complaint to add said Defendants in this matter as they may become discovered through investigation and further discovery measures.

## FACTUAL ALLEGATIONS COMMON TO EACH COUNT

17.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

18.     Upon information and belief, Plaintiffs are informed and hereby that ISEE3D is a company that possesses a certain technology that has a certain patent;

19.     Upon information and belief, Plaintiffs are informed and hereby alleges that PANLIANT had an enforceable agreement with ISEE3D whereby it would provide certain

79921-00000 2164982.1                    4

1    consulting and management services in exchange for certain consideration; Separately AG and

2    SMITH invested in PANLIANT based upon the relationship.

3         20.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

4    times relevant hereto, that AG assisted in the restructuring of ISEE3D so as to effectively have AG

5    own the senior debt of ISEE3D;

6         21.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

7    times relevant hereto, that SMITH was a shareholder of ISEE3D and PANLIANT and AG;

8         22.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

9    times relevant hereto, that AG was a shareholder of ISEE3D;

10        23.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

11   times relevant hereto, that ROMANICA was the Chief Executive Officer of ISEE3D and a 50%

12   owner of PANLIANT;

13        24.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

14   times relevant hereto, that PANLIANT had contractual relations with ISEE3D such that would

15   bring significant profit to PANLIANT;

16        25.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

17   times relevant hereto, sometime after the formation of PANLIANT, ROMANICA became the

18   Chief Executive Officer of ISEE3D;

19        26.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

20   times relevant hereto, that Bal Bhullar was the former Chief Financial Officer of ISEE3D and that

21   SMITH was CFO prior to the actions complained of here;

22        27.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

23   times relevant hereto, that GEOHEGAN worked for ISEE3D through his company BAY to perform

24   certain services that effectively made him the undeclared 'director' of ISEE3D;

25        28.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

26   times relevant hereto, ROMANICA openly undercut SMITH's involvement in providing business

27   advisory services to ISEE3D,  as an individual consultant or through PANLIANT;

28        29.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

1    times relevant hereto, that ROMANICA's move to directly work for ISEE3D incentivized him to

2    perform services himself for ISEE3D and to terminate the relationship with SMITH;

3         30.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

4    times relevant hereto, that ROMANICA began to perform services which would have been

5    otherwise part of the business agreement ISEE3D had with PANLIANT and thereby ROMANICA

6    intentionally demonstrated his goal to exclude SMITH and PANLIANT from receiving valuable

7    business and income from ISEE3D, so ROMANICA could receive it 100% instead of sharing 50%

8    with SMITH including scenarios where ROMANICA said to SMITH that he would settle any

9    conflicts by way of PANLIANT then refused later.

10         31.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

11    times relevant hereto, that ROMANICA committed unlawful acts in the course of this interference

12    and manipulation of the relationship between ISEE3D and himself in an effort to harm PANLIANT

13    and SMITH;

14         32.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

15    times relevant hereto, that these acts specifically include but are not limited to ROMANICA's use

16    of ISEE3D's company funds to pursue personal interests against PANLIANT and SMITH, despite

17    the fact that ISEE3D is a publically traded company;

18         33.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

19    times relevant hereto, that additionally ROMANICA used his undue influence to use ISEE3D's

20    funds in an attempt to force SMITH and PANLIANT to 'go away' and when they did not,

21    ROMANICA used the resources of ISEE3D to pursue trumped up litigation;

22         34.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

23    times relevant hereto, that as further described herein, ROMANICA falsified email

24    communications, froze ISEE3D stock share transfers with the transfer agent and falsified  records

25    in an effort to concoct claims that SMITH was engaged in 'insider trading', which he was not;

26         35.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

27    times relevant hereto, that ROMANICA did not disclose his fraudulent actions to the entire Board

28    of Directors, nor that he was receiving 50% of a the coerced settlement with PANLIANT;

36.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that ROMANICA used ISEE3D employees and Board members to assist him in creating the 'release ruse' to 'get rid of' SMITH and PANLIANT from having relations or interests in ISEE3D;

37.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that ISEE3D was becoming increasing desperate for funds;

38.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that the Defendants jointly concocted a plan to trick or otherwise extort Plaintiffs out of their interests in ISEE3D;

39.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that certain allegations were made by the ISEE3D Board of Directors against SMITH that he had written checks to himself from ISEE3D claiming fraud when such items were approved and known;

40.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that ROMANICA, with the assistance of GEOHEGAN, utilized his authority and position along with other Board members of ISEE3D to utilize email, telephone and postal services to commit fraudulent activities relevant to Plaintiffs and intending to make it look like SMITH was committing wrongful acts;

41.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that MITCHELL replaced ROMANICA as CEO of ISEE3D;

42.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that MITCHELL had knowledge of this activity at the time of its occurrence or was otherwise negligent in taking any action to perform the relevant due diligence to investigate the truth of the matter;

43.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that ROMANICA, with the assistance of GEOHEGAN, fraudulently changed an auditor's email to make it look as though SMITH had done something wrong;

44.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

1    times relevant hereto, that SOROKIN, who was a member of the Board of Directors at the time,

2    worked in concert with ROMANICA and GEOHEGAN to fraudulently support this false claim

3    regarding SMITH threatening to file a frivolous lawsuit against SMITH alleging false claims;

4         45.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

5    times relevant hereto, that as a result of these extortion activities ISEE3D, through ROMANICA,

6    with the assistance of the other Defendants and the knowledge of MITCHELL, sought to terminate

7    the PANLIANT Agreement and to get rid of the debt owed to AG, both SMITH owned companies;

8         46.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

9    times relevant hereto, that the Defendants joined forced to generate a false claim regarding the

10   "check writing incident" via the Board of Directors of ISEE3D to effectuate its purposes in

11   terminating the AG debt, the PANLIANT Agreement and force SMITH to turn over his stock

12   interests in ISEE3D;

13        47.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

14   times relevant hereto, that the Defendants generated several improper and unclean 'releases' and

15   threatening SMITH to execute said releases or face certain harms, which harms were to include

16   potential physical harm, at the hands of ROMANICA and GEOHEGAN, which harms were to

17   include defamatory and slanderous publications of false acts alleged to have been performed by

18   SMITH, which harms were to include threats of lawsuits in an effort to harass and ruin the

19   reputation of SMITH and his companies, which harms would include allegations and reports of

20   'insider trading' and 'fraud' by SMITH, which was false but would be publicized, and contacted

21   the transfer agent to freeze my ability to move shares of the Company, among other harms;

22        48.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

23   times relevant hereto, that the ISEE3D Board of Directors was aware of such activities, including

24   MITCHELL;

25        49.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

26   times relevant hereto, that various 'releases' were executed by the Defendants and the Plaintiffs

27   which were illusory because they did not designate any consideration, they were secured by threat

28   of extortion and duress, they were non-specific as to what was being released given that the matters

1   were secured nefariously;

2       50.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

3   times relevant hereto, that ROMANICA was to receive certain monies, stock, ownership in

4   ISEE3D without providing any consideration in return;

5       51.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

6   times relevant hereto, that GEOHAGAN and BAY was to receive certain monies, stock, ownership

7   in ISEE3D without providing any consideration in return and transacted certain other business that

8   was not made public, but should have been public;

9       52.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

10  times relevant hereto, that ISEE3D has proceeded in business and terminated its relationship with

11  both ROMANICA and GEOHAGAN for an unknown reason understood to be due to

12  ROMANICA's resignation that MITCHELL supported;

13      53.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

14  times relevant hereto, that MITCHELL succeeded ROMANICA as the Chief Executive Officer of

15  the company and has indicated to SMITH that he desires to "make up for it", referencing the who

16  extortion/fraud that ousted SMITH and the other Plaintiffs from ISEE3D;

17      54.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

18  times relevant hereto, that Plaintiffs in the normal and due course, received and reasonably relied

19  upon the certain representations of the Defendants to be true that they would follow through with

20  harming the Plaintiffs;

21      55.    That it was foreseeable to Defendants that this reliance of said threats would occur

22  and that Plaintiffs would rely on this information, otherwise Defendants would not have followed

23  through with such improper and extortionist activities;

24      56.    That Plaintiffs reasonably relied upon these threats, representations, emails, phone

25  calls, and other documentary information in determining how to act relevant to the 'releases' that

26  were later discovered to be a farce, fake and coercive in nature.

27      57.    Upon information and belief, Plaintiffs are informed and hereby alleges that at all

28  times relevant hereto, that there was a pattern within each of Defendants actions having the same

1  global goal with a fairly uniform and symmetrical and unified plan, to extricate the Plaintiffs from

2  ISEE3D and allow for ROMANICA, GEOHEGAN and other Defendants to receive certain assets,

3  property and value without exchange of consideration, but rather through extortion, coercion and

4  threat;

5       58.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all

6  times relevant hereto, that the attempts by certain of the Defendants, specifically ISEE3D,

7  ROMANICA, GEOHEGAN, MITCHELL and others were used via attempts at executed 'releases'

8  that are voidable by law given the circumstances under which they were executed, the lack of

9  consideration, the failure of a meeting of the minds of the parties, the purpose for which the

10  documents were executed not equaling the purported purposes laid out in the text of the documents

11  and the legal failings of the documents on their face;

12       59.     At all times relevant herein, there existed a pattern of multiple activities made by

13  the Defendants that were not supported within reasonable due diligence expected from a Board of

14  Directors or its agents;

15       60.     Defendants wrongly and fraudulently, with no evidence of a reasonable history of

16  allegation, no evidence of any wrongful activities nor any problems, failed to perform their due

17  diligence and instead worked in conjunction one with another to get Plaintiff out of ISEE3D,

18  divesting them of their interests under threat of violence, defamation and harm;

19       61.     Plaintiffs reasonably, and in good faith, relied upon these actions of the Defendants

20  to their detriment resulting in pecuniary damages and other harms;

21       62.     Defendants had a pattern and practice of providing false information to the

22  Plaintiffs, followed by threats to the Plaintiffs, followed by demands that Plaintiff divest

23  themselves of monetary and contractual interests and relationships they had with ISEE3D while the

24  Board of Directors and Defendants actively participated in this atrocity;

25       63.     The claims being made by the Defendants' were absolutely not supported by

26  reasonable evidence, rather fear of reputation damage, physical harm and continued threats by the

27  Defendants regarding the creation of claims and/or exaggerating claims rather than reporting bona

28  fide truths so as to damage to the Plaintiffs;

64.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that ROMANICA and other Defendants' interference and tortuous activity relevant to PANLIANT and SMITH as it relates to ISEE3D is the proximate and actual cause of the largest financial loss of PANLIANT and SMITH, personally, having placed PANLIANT in a position of losing its most lucrative corporate Agreement;

65.     Upon information and belief, Plaintiffs are informed and hereby alleges that at all times relevant hereto, that ROMANICA and certain other Defendants were the corporate alter ego of ISEE3D with regard to the above actions against PANLIANT and SMITH and ISEE3D is thereby liable for all actions of ROMANICA while he was a Board Member and the Chief Executive Officer;

66.     All of this certainly calls into question the reasons why every one of the Defendants acted in agreement and in a consistent manner to divest the Plaintiffs from their ISEE3D interests, monetary and contractual, were it not for nefarious purposes while acting in concert for financial gain;

67.     The above paragraphs are mere samplings of the tortuous, fraudulent, illegal and damaging conduct of Defendants, all of which has caused Plaintiffs substantial monetary damages.

## CAUSE OF ACTION ONE
### Racketeer Influenced And Corrupt Organizations Act
### 18 U.S.C. §1962(c) – Conduct of Enterprise Through Racketeering

68.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

69.     Upon information and belief and at all times relevant hereto, Plaintiffs have standing to seek to recover damages from Defendants.  In this case, the Defendants fraudulently extracted ownership interests in various entities from Plaintiffs to which they were not entitled.  As a result of Defendants' fraudulent representation, threats of defamation, threats of physical harm and threats of professional harm, the Plaintiffs were forced to execute documents that lacked consideration, lacked legal enforceability and that were generated for the exclusive purposes of furthering the fraud and misrepresentation in which the Defendants were jointly engaged.  The Defendants were not otherwise entitled to this consideration and thus deprived the Plaintiffs of their

1    rightfully owned assets, unbeknownst to the Plaintiffs at the time of the occurrence of these

2    matters.

3         70.      Upon information and belief and at all times relevant hereto, That Plaintiffs

4    engaged in these sham settlements with Defendants, certain of which did not supply consideration

5    (at least in part); the others were based in fraud and misrepresentation, extortion and duress and the

6    Defendants were not otherwise entitled to such consideration, nonetheless.  Defendants knowingly

7    used this fraud to the individual Plaintiffs as the vehicle by which Defendants fraudulently obtained

8    monies from Plaintiffs to which they were not entitled.

9         71.      Upon information and belief and at all times relevant hereto, the Defendant

10   ISEE3D, INC. constituted an "enterprise," within the meaning of 18 U.S.C. §§1961(4) and 1962(c),

11   in that it was a corporation separate and apart from the pattern of racketeering activity described

12   below.  Upon Plaintiffs' information and belief, ISEE3D, INC. operated for legitimate business

13   reasons in addition to the unlawful pattern, acts and practices described herein.

14        72.      Upon information and belief and at all times relevant hereto, the Defendant BAY

15   MANAGEMENT LTD. constituted an "enterprise," within the meaning of 18 U.S.C. §§1961(4)

16   and 1962(c), in that it was a corporation separate and apart from the pattern of racketeering activity

17   described below.  Upon Plaintiffs' information and belief, BAY MANAGEMENT LTD. operated

18   for legitimate business reasons in addition to the unlawful pattern, acts and practices described

19   herein.

20        73.      Upon information and belief and at all times relevant hereto, the Defendants

21   ISEE3D, INC., BAY MANAGEMENT LTD., ROMANICA, GEOHEGAN, MITCHELL and

22   SOROKIN, constituted an "association in fact" enterprise within the meaning of 18 U.S.C. §

23   1961(4).  In addition, the individual defendants employed by and associated with each entity

24   Defendant joined and became part of the association-in-fact enterprise by combining with the

25   entities by which they were not employed, and with the individuals employed by those entities, in

26   performing the predicate acts constituting the pattern of racketeering activity alleged below.

27        74.      Upon information and belief and at all times relevant hereto, ROMANICA was and

28   is an individual "person," within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who associated

1    with and/or participated in the conduct and affairs of the enterprises described herein.   This

2    participation consisted of forming and operating the various components of the enterprises,

3    threatening Plaintiffs as described herein and the combined parts of them, and the commission of

4    other misrepresentations and fraudulent activity described in greater detail above.

5        75.    Upon information and belief and at all times relevant hereto, GEOHEGAN was

6    and is an individual "person," within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who

7    associated with and/or participated in the conduct and affairs of the enterprises described herein.

8    This participation consisted of forming and operating the various components of the enterprises,

9    threatening Plaintiffs as described herein, and the combined parts of them, and the commission of

10   other misrepresentations and fraudulent activity described in greater detail above.

11       76.    Upon information and belief and at all times relevant hereto, SOROKIN was and is

12   an individual "person," within the meaning of 18 U.S.C. §§ 1961(3) and 1962(c), who associated

13   with and/or participated in the conduct and affairs of the enterprises described herein.   This

14   participation consisted of forming and operating the various components of the enterprises,

15   threatening Plaintiffs as described herein, and the combined parts of them, and the commission of

16   other misrepresentations and fraudulent activity described in greater detail above.

17       77.    Upon information and belief and at all times relevant hereto, Defendants

18   conducted, participated in, engaged in, conspired to engage in, or aided and abetted, the conduct of

19   the affairs of the enterprises through a pattern of racketeering activity within the meaning of 18

20   U.S.C. §§ 1961(1), 1961(5) and 1962(c).

21       78.    Upon information and belief and at all times relevant hereto, ROMANICA,

22   GEOHAGAN and SOROKIN committed predicate acts of mail fraud within the meaning of 18

23   U.S.C. §§ 1341 and 1961(1).   These acts consisted of making false and misleading statements, or

24   statements made as an artifice or scheme to defraud, in written format and communication the

25   activities and goings on of ISEE3D as it relates to the Plaintiffs by alleging false activities, greatly

26   exaggerating management activities of SMITH to be criminal and embellished said allegations

27   communicating them amongst one another and SMITH. for the specific intent and purpose of

28   seeking to deprive Plaintiffs of their interest in funds due them from ISEE3D and deprive certain

1  interests in ISEE3D.  These separate fraudulent acts of mail fraud are numerous and consist.

2        79.      Upon information and belief and at all times relevant hereto, The predicate acts

3  further consist of several mailings of settlement documentation accompanying and allegedly

4  supporting settlement "demands" sent to Plaintiffs from Defendants, including via email.  Every act

5  of falsehood or misleading information in such records, facilitated through the use of the United

6  States Mail and email, constitutes a separate act of mail fraud and hence a separate predicate act

7  within the meaning of RICO and cases interpreting both RICO and the mail fraud provisions of 18

8  U.S.C. § 1341, which is a predicate act of racketeering activity under 18 U.S.C. § 1961(1) and (4).

9        80.      Upon information and belief and at all times relevant hereto, Defendants knowingly

10  and willfully, and with intent to defraud, devised a scheme to defraud Plaintiffs, by obtaining assets,

11  money, property and interests from Plaintiffs through false and fraudulent pretenses and

12  representations.

13        81.      Upon information and belief and at all times relevant hereto, these acts all occurred

14  after the effective date of the RICO Act and more than two such acts occurred within ten years of

15  one another.

16        82.      Plaintiffs have initiated this litigation within four years of the date on which they

17  knew or should have known of such injury caused by fraudulent activity of the Defendants.

18  Plaintiffs could not have discovered, through the use of reasonable diligence, the injury caused by

19  the predicate acts of racketeering activity any sooner.

20        83.      Upon information and belief and at all times relevant hereto, Defendants each

21  individually conducted, participated in, engaged in, conspired to engage in, or aided and abetted,

22  the conduct of the affairs of the enterprise through a pattern of racketeering activity within the

23  meaning of 18 U.S.C. §§1961(1), 1961(5) and 1962(c).

24        84.      Upon information and belief and at all times relevant hereto, the Defendants'

25  pattern of racketeering activity consisted of mail and wire fraud.

26        85.      Upon information and belief and at all times relevant hereto, these acts all occurred

27  after the effective date of RICO and more than two such acts occurred within ten years of one

28  another.

86.     Upon information and belief and at all times relevant hereto, at all relevant times, the enterprises alleged above were engaged in, and their activities affected, interstate commerce.

87.     Upon information and belief and at all times relevant hereto, all of the predicate acts described in this Complaint were related and establish a pattern of racketeering activity, within the meaning of 18 U.S.C. §1962(c), in that their common purpose, and their common result, was to defraud Plaintiffs of money, property, assets and interests of value.  Defendants participated in all of the acts and employed the same or similar methods of commission.  Plaintiffs were the victims of the acts of racketeering; and/or the acts of racketeering were otherwise interrelated by distinguishing characteristics and were not isolated events.

88.     Upon information and belief and at all times relevant hereto, all of the predicate acts described within this Complaint were continuous so as to form a pattern of racketeering activity in that Defendants each in some form of contribution engaged in the predicate acts over a substantial period of time or in that such predicate acts had become Defendants' regular way of conducting business with the Plaintiffs.

89.     Upon information and belief and at all times relevant hereto, Plaintiffs were the reasonably foreseeable and/or anticipated victims of Defendants' scheme and Plaintiffs were the target or victim of Defendants' fraudulent scheme to have Plaintiffs pay damages or settlements based on their fraudulent schemes and misrepresentations.

90.     Upon information and belief and at all times relevant hereto, Plaintiffs were directly injured by Defendants' fraudulent conduct, since Plaintiffs paid settlements, forwent payments, lost assets, were deprived of monies and funds due to them that were based, at least in part, on false representations that were untrue.

91.     Upon information and belief and at all times relevant hereto, as a direct and proximate result of, and by reason of, the activities of Defendants, spearheaded by ROMANICA and in cooperation with the other Defendants, and their conduct in violation of 18 U.S.C. §§1962(c), Plaintiffs have been injured in their business or property, within the meaning of 18 U.S.C. §1964(c).

92.     Upon information and belief and at all times relevant hereto, among other things, Plaintiffs have suffered damages to the extent they Plaintiffs had to settle claims, forgo payment, lose

1  assets, deprived of monies and stock interests which adversely affected Plaintiffs.  Plaintiffs are,

2  therefore, entitled to recover threefold the damage they have sustained together with the cost of the suit

3  including costs, reasonable attorneys' fees and reasonable experts' fees.

### CAUSE OF ACTION TWO
**Racketeer Influenced And Corrupt Organizations Act**
**18 U.S.C. §1962(a) -- Use of Funds Derived From Racketeering Activity**

6     93.     That the allegations in the preceding paragraphs are hereby repeated and realleged

7  and incorporated herein by reference as though fully set forth in this section;

8     94.     Upon Plaintiffs' information and belief, Defendants used income derived from the

9  proceeds of the pattern of racketeering activity in the operations against Plaintiffs and each of them.

10  The unlawfully derived income was the proceeds received by ROMANICA and the funds retained by

11  ISEE3D that was rightfully due to PANLIANT and SMITH.  These acts constitute a violation in each

12  instance of 18 U.S.C. §1962(a).

13     95.     Upon information and belief and at all times relevant hereto, by reason of

14  Defendants investment of racketeering income in the enterprise, Plaintiffs injuries were further

15  expanded and caused by Defendants investment of these racketeering proceeds. This investment by

16  Defendants into ISEE3D and ROMANICA were the proximate cause of harm suffered by Plaintiffs

17  in that these entities have continued to exist, which have been reasonably relied upon by

18  Defendants, to Plaintiffs' detriment.  Plaintiffs have been injured specifically by the use or the

19  investment of income derived from racketeering activity.

20     96.     Upon information and belief and at all times relevant hereto, as a direct and

21  proximate result of, and by reason of, the activities of Defendants, spearheaded by ROMANICA and

22  ISEE3D, and their conduct in violation of 18 U.S.C. §§1962(c), Plaintiffs have been injured in their

23  business or property, within the meaning of 18 U.S.C. §1964(c).

24     97.     Plaintiffs are entitled to treble damages and attorneys fees and costs pursuant to

25  RICO.

26  ///

27  ///

28  ///

## CAUSE OF ACTION THREE
**Racketeer Influenced And Corrupt Organizations Act
18 U.S.C. §1962(b) -- Collection of Unlawful Debt**

98.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

99.     Defendants collected unlawful debts through enterprises conducted through a pattern of racketeering activity, by accepting income and investment without paying the Plaintiffs' their invoices and contractual obligations, thereby collecting debts from vendors and investors without paying their own debts as alleged more fully above.  This conduct constitutes a separate violation of RICO, 18 U.S.C. §1962(c).

100.    As a direct and proximate result of the violations alleged herein, Plaintiffs have been injured in their business or property, within the meaning of 18 U.S.C. §1964(c).  Plaintiffs are also entitled to recover treble damages and attorneys' fees and costs.

## CAUSE OF ACTION FOUR
**Racketeer Influenced And Corrupt Organizations Act
18 U.S.C. §1962(d) - Conspiracy**

101.    That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

102.    Upon Plaintiffs' information and belief, Defendants, and each of them, conspired one with another to conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprises described within this Complaint through a pattern of racketeering activity in violation of 18 U.S.C. §1962(d).  In particular, ROMANICA, GEOHAGAN, MITCHELL and ISEE3D, and the Board of Directors intended to further an endeavor of ROMANICA which, once completed, satisfied all of the elements of a fraudulent scheme to extract monies, assets and income from Plaintiffs.

103.    Upon Plaintiffs' information and belief, Defendants knowingly and willfully, and with intent to defraud, devised a scheme to defraud Plaintiffs, creating such false and egregious misrepresentations using false and fraudulent pretenses and representations to deprive Plaintiffs from their income, assets, monies, interests and stock shares.

104.    Upon Plaintiffs' information and belief, Plaintiffs were injured by Defendant's overt

1   acts that are acts of racketeering or otherwise unlawful under the RICO Act, which include (among

2   other acts) acts of mail and wire fraud.

3         105.    As a direct and proximate result of, and by reason of, the activities of ROMANICA

4   and ISEE3D, and the conspiracy alleged herein, Plaintiffs have been injured in its business or property,

5   within the meaning of 18 U.S.C. §1964(c).

6         106.    Among other things, Plaintiffs have suffered damages to the extent it lost funds,

7   monies, assets, stock shares and things due to the fraud of Defendants scheme.   Plaintiffs are,

8   therefore, entitled to recover threefold the damages they have sustained together with the cost of the

9   suit, including costs, reasonable attorneys' fees and reasonable experts' fees.

10                              **CAUSE OF ACTION FIVE**
                        **Fraud and Intentional Misrepresentations**
11

12        107.    That the allegations in the preceding paragraphs are hereby repeated and realleged

13   and incorporated herein by reference as though fully set forth in this section;

14        108.    Upon Plaintiffs' information and belief, at all times herein relevant, Defendants

15   provided false representations of material fact to the Board of Directors of other relative individuals

16   in their reports, records, emails and memos, which they knew to be false.   Defendants engaged in

17   numerous misrepresentations pursuant to this scheme, set forth with particularity above in this

18   Complaint.  This includes, but is not limited to the countless misrepresentations, frauds, threats, and

19   related schemes to deprive the Plaintiffs of their assets and values.

20        109.    Upon Plaintiffs' information and belief, at all times herein relevant, Defendants

21   knew and intended that others would rely on their misrepresentations in evaluating pending claims

22   against Plaintiffs' in order to effectuate a termination of the agreements, the drafting and execution

23   of the fraudulent 'releases', among other frauds as described herein with particularity.  Defendants

24   made these misrepresentations with knowledge of their falsity or at a minimum in reckless

25   disregard for their truth.  Defendants knew that they were performing frauds.  Defendants acted to

26   aggrandize themselves financially by either looking the other way to 'get rid of' SMITH and

27   PANLIANT or specifically sought to end the expense for material and monetary gain that was

28   intended for PANLIANT and SMITH.

110.     Upon Plaintiffs' information and belief, Defendants knowingly and willfully, and with intent to defraud, devised a scheme to defraud certain entities, by depriving PANLIANT and SMITH from monies, assets, stock shares, etc. through false and fraudulent pretenses and representations.

111.     Upon Plaintiffs' information and belief, ROMANICA failed to disclose to the relevant parties his respective pecuniary interests in PANLIANT and his ulterior motive.

112.     Upon Plaintiffs' information and belief, in making these misrepresentations, Defendants intended to defraud Plaintiffs and to induce Plaintiffs' reliance.  Defendants were aware that the Plaintiffs' interests.  Defendants further were aware that the professional services being provided by Plaintiff would be paid from ISEE3D monies and thus sought to increase ISEE3D assets to the damage of Plaintiffs.

113.     Upon Plaintiffs' information and belief, at all times herein relevant, Plaintiffs reasonably relied, to its detriment, on the misrepresentations made by Defendants.  Because of Defendants fraudulent conduct, Plaintiffs were damaged.

114.     Defendants' misrepresentations proximately caused damages to Plaintiffs.  As a direct and proximate result of Defendants' fraud and intentional misrepresentations, Plaintiffs have suffered damages in an amount which is unknown at this time, but which is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

115.     Further, the conduct of Defendants, as described within this Complaint was willful, malicious, and done with a conscious and reckless disregard to Plaintiffs and with the purpose to lie, cheat and steal money from Plaintiffs through fraudulent actions.  The Defendant's actions entitle Plaintiffs to punitive damages in the amount of three (3) times the damage pursuant to statute.

## CAUSE OF ACTION SIX
### Civil Conspiracy To Defraud

116.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

117.     At all times herein relevant, the named Defendants consist of two or more persons

1   or business entities, all had an object to be accomplished, all had a meeting of the minds on the

2   object or course of action, all committed one or more unlawful or overt act, and this conspiracy

3   resulted in damages to Plaintiffs.

4          118.    ROMANICA, GEOHAGAN, MITCHELL, unknown members of the Board of

5   Directors of ISEE3D, SOOROKIN and others had an agreement one with another whereby they

6   each knowingly and wrongfully agreed to facilitate, conceal, advance, promote, and otherwise

7   further ROMANICA's spearheaded scheme to defraud Plaintiffs.  The objective of this conspiracy

8   was to generate as many fees as possible for ISEE3D by not paying PANLIANT or SMITH, all of

9   which would be kept by Defendants as part of the plan.

10          119.    ROMANICA, GEOHAGAN, SOORKIN and others engaged in numerous

11   wrongful acts pursuant to this agreement one with another as set forth with particularity above in

12   this Complaint.

13          120.    Defendants knowingly and willfully, and with intent to defraud, devised a scheme to

14   defraud certain entities, by refusing to pay monies, obtaining assets, stocks and other items of value

15   from Plaintiffs through false and fraudulent pretenses and representations.

16          121.    As a direct and proximate result of these Defendants' conspiracy to defraud

17   Plaintiffs, Plaintiffs have suffered damages in an amount which is unknown at this time, but which

18   is estimated to be in excess of Seventy-Five Thousand Dollars ($75,000.00).

19          122.    Further, the conduct of Defendants, as described within this Complaint was willful,

20   malicious, and done with a reckless disregard to Plaintiffs and with the purpose to lie, cheat and

21   steal money from Plaintiffs through fraudulent billings, reports, records and referrals;

22
                                    **CAUSE OF ACTION SEVEN**
23                   **Nevada State RICO Violations – NRS §207.400**

24          123.    That the allegations in the preceding paragraphs are hereby repeated and realleged

25   and incorporated herein by reference as though fully set forth in this section;

26          124.    That each of the fraudulent claims described herein demonstrate that the

27   Defendants committed: (1) grand larceny by obtaining money, assets and property under false

28   pretenses, a crime related to racketeering under NRS § 207.360(16); (2) taking property from

1   another under circumstances not amounting to robbery, a crime related to racketeering under NRS

2   § 207.360(9); (3) receiving, possessing or withholding stolen goods valued at $650 or more , a

3   crime related to racketeering under NRS § 207.360(24); (4) embezzlement of money or property

4   valued at $650 or more, a crime related to racketeering under NRS § 207.360(25); (5) obtaining

5   possession of money or property valued at $650 or more, or obtaining a signature by means of false

6   pretenses, a crime related to racketeering under NRS § 207.360(26); (6) perjury or subornation of

7   perjury, a crime related to racketeering under NRS § 207.360(27); (7) offering false evidence, a

8   crime related to racketeering under NRS § 207.360(28); and that the Defendants are believed to

9   have violated other sections of NRS § 207.360.

10         125.    Defendants, working in concert, submitted false and fraudulent documents and

11   made false and fraudulent representations, reports, memos and emails in support of this fraudulent

12   scheme as described herein with particularity.

13         126.    Plaintiffs justifiably and reasonably relied upon these misleading documents and

14   misrepresentations to their damage.

15         127.    Defendants collectively constitute an Association-In-Fact enterprise separate and

16   distinct from any one Defendant named herein and which, in connection with each individual

17   Defendant, conducted and participated in the affairs of the Association-In-Fact enterprise through a

18   pattern of racketeering activity including grand larceny, embezzlement, fraud and taking of

19   property from another under circumstance not amounting to robbery.

20         128.    The Association-In-Fact enterprise associated for a particular purpose; to steal,

21   defraud, cheat and convert money from Plaintiffs for Defendants own personal gains.

22         129.    ISEE3D is a business enterprise, the activities of which involve and effect

23   interstate commerce.

24         130.    BAY is a business enterprise, the activities of which involve and effect interstate

25   commerce.

26         131.    Individual Defendants conducted the affairs of the foregoing enterprises through

27   racketeering activity.

28         132.    Individual Defendants associated with these enterprises participated directly or

1   indirectly in the conduct of each enterprise through racketeering activity.

2        133.    The predicate acts committed by Defendants were not isolated, but related by

3   similar pattern, intent, result, accomplices, victim and method of commission.   This is best

4   exemplified by the similar emails, goals, resolutions, activities and financial gain of each

5   Defendants.

6        134.    Plaintiffs have been injured in its business and property by reason of the

7   Defendants' collective misconduct.

8        135.    By virtue of the Defendants' violations of NRS § 207.400(1)(a)-(j), Plaintiffs are

9   entitled to recover from each Defendant identified three times the damages sustained by reason of

10  the frauds submitted by the Defendants, and others acting in concert with them, together with the

11  costs of suit including reasonable attorneys' fees and investigative costs.

12       136.    Plaintiffs demand judgment against Defendants, individually, jointly and severally

13  as follows: actual and consequential damages to be established at trial; treble damages, interest,

14  costs and reasonable attorneys' fees; investigative costs pursuant to NRS §207.470(1); and

15  injunctive relief enjoining the Defendants from engaging in these wrongful activities alleged in the

16  Complaint as the Court deems just.

17                              **CAUSE OF ACTION EIGHT**
18            **Innocent Victim Enterprise Violations Of NRS §207.400(1)**

19       137.    That the allegations in the preceding paragraphs are hereby repeated and realleged

20  and incorporated herein by reference as though fully set forth in this section;

21       138.    Plaintiffs are an enterprise engaged in, and the activities of which, effect interstate

22  commerce.

23       139.    In violation of NRS § 207.400(1)(a)-(j) Defendants, by acting with purpose to

24  cause Plaintiffs to forego monies, give away assets and stock, have victimized Plaintiffs by

25  participating in their affairs directly and/or indirectly through a pattern of racketeering activity

26  including grand larceny and fraud.

27       140.    Plaintiffs have been injured in its business and property in violation of NRS

28  §207.400(c).

1    141.    By virtue of Defendants' violations of NRS § 207.400(1)(a)-(j), Plaintiffs are
2    entitled to recover from each Defendant identified three times the damages sustained by reason of
3    the monies lost to and taken by Defendants, and others acting in concert with them, together with
4    the cost of suit including reasonable attorneys' fees.

5    142.    Plaintiffs demand judgment against Defendants, individually, jointly and severally
6    as follows: actual and consequential damages to be established at trial; treble damages, interest,
7    costs and reasonable attorneys' fees; investigative costs pursuant to NRS §207.470(1); and
8    injunctive relief enjoining the Defendants from engaging in the wrongful activities alleged in the
9    Complaint as the Court deems just.

## CAUSE OF ACTION NINE
### Constructive Trust And Unjust Enrichment

12   143.    That the allegations in the preceding paragraphs are hereby repeated and realleged
13   and incorporated herein by reference as though fully set forth in this section;

14   144.    At all times relevant hereto, Defendants fraudulently obtained money in the form
15   of foregone payments from Plaintiffs under such circumstances that, in equity, said money and/or
16   property should be returned.

17   145.    At all relevant times, Defendants had a relationship with Plaintiffs to honestly and
18   accurately treat Plaintiffs, honestly and accurately pay monies pursuant to contract and to honestly
19   and accurately deal with Plaintiffs without fraud;

20   146.    Defendants reasonably understood that their actions would harm Plaintiffs;

21   147.    By refusing to pay Plaintiffs the money to which they had a legitimate right,
22   Defendants conferred a benefit on themselves, a benefit about which Defendants are aware and a
23   benefit to which Defendants were not truly, legally and/or legitimately entitled.

24   148.    Those funds kept by Defendants, to which Defendants were not entitled, have
25   unjustly enriched Defendants at the expense of Plaintiffs.

26   149.    By the conspiratorial conduct of Defendants in making material misrepresentations,
27   nondisclosures and other fraudulent representations, indirectly and directly to Plaintiffs, it would be
28   inequitable for Defendants to retain the benefit of the monies and assets that are rightfully owned

1 by Plaintiffs.

2      150.    Plaintiffs demand judgment against Defendants individually, jointly and severally and

3 that this Court impose a constructive trust upon Defendants in an amount representing those funds

4 kept by Defendants from Plaintiffs, as set forth above in this Complaint.

5                       **CAUSE OF ACTION TEN**
6                       **Negligent Misrepresentation**

7      151.    That the allegations in the preceding paragraphs are hereby repeated and realleged

8 and incorporated herein by reference as though fully set forth in this section;

9      152.    Defendants, in the course and scope of their business, profession and/or

10 employment, or in any other action in which they had a pecuniary interest, supplied false

11 information for the guidance of others, to and including Plaintiffs, in their business transactions.

12      153.    As a result of this negligent conduct of Defendants, each Defendant is subject to

13 liability for pecuniary losses caused by this conduct as a result of Plaintiffs' justifiable reliance

14 upon the information.

15      154.    Defendants at all times herein relevant, failed to exercise reasonable care or

16 competence in obtaining or communicating truthful information regarding the Plaintiffs.

17      155.    Defendants submitted false information that caused Plaintiffs to suffer pecuniary

18 harm because of this disbursement of false information.

19      156.    Defendants pray for an award of monetary damages as direct, legal and proximate

20 result of the negligent misrepresentations made by Defendants.

21                   **CAUSE OF ACTION ELEVEN**
22                   **Intentional Misrepresentation**

23      157.    That the allegations in the preceding paragraphs are hereby repeated and realleged

24 and incorporated herein by reference as though fully set forth in this section;

25      158.    That at all time relevant herein and upon information and belief, Defendants

26 intentionally represented to various third parties and other Defendants, including the Board of

27 Directors for ISEE3D certain untrue and false information as outlined herein with particularity;

28      159.    That at all time relevant herein and upon information and belief, all of the

1   Defendants ratified these statements and stood behind the same.

2   160.    That at all time relevant herein and upon information and belief, the
3   aforementioned representations were incorrect, false and misleading.

4   161.    That at all time relevant herein and upon information and belief, Defendants had a
5   duty not to make the aforementioned misrepresentations given the contractual and fiduciary
6   relationship between Plaintiffs and the Defendants.

7   162.    That at all time relevant herein and upon information and belief, Defendants
8   breached their duty by making the aforementioned misrepresentations and publishing the same to
9   third parties.

10  163.    That at all time relevant herein and upon information and belief, Defendants knew
11  or should have known that the representations were false and/or misleading.

12  164.    That at all time relevant herein and upon information and belief, Defendants, and
13  each of them, in concert with each others' actions as herein alleged were willful, intentional,
14  oppressive, and done with wanton and reckless disregard for the rights of Plaintiffs with malicious
15  intent, thereby requiring the imposition of punitive damages.

16
17                      **CAUSE OF ACTION TWELVE**
        **Intentional Interference with Prospective Economic Advantage**

18  165.    That the allegations in the preceding paragraphs are hereby repeated and realleged
19  and incorporated herein by reference as though fully set forth in this section;

20  166.    That at all time relevant herein and upon information and belief, there was a
21  prospective contractual relationship between Plaintiffs and ISEE3D to which Defendants
22  communicated about and had knowledge of;

23  167.    That at all time relevant herein and upon information and belief, Defendants had
24  knowledge of the prospective relationship between Plaintiffs and ISEE3D;

25  168.    That at all time relevant herein and upon information and belief, Defendants
26  intended to harm Plaintiffs by preventing the contractual relationship with ISEE3D;

27  169.    That at all time relevant herein and upon information and belief, Defendants did

28

1  not possess a privilege, absolute or otherwise, or justification for the false statements made about

2  Plaintiffs to ISEE3D that cause the damages as alleged herein;

3       170.    That at all time relevant herein and upon information and belief, the

4  communications by ROMANICA, GEOHAGAN and other Defendants was defamatory and tended

5  to harm the reputation of Plaintiffs and to lower them in the estimation of the community or to deter

6  ISEE3D and others from associating or dealing with Plaintiffs;

7       171.    That at all time relevant herein and upon information and belief, Plaintiffs have

8  suffered actual harm or per se damage as a result of the Defendants' conduct and defamatory

9  communications;

10       172.    That at all time relevant herein and upon information and belief, as a direct and

11  proximate result of this wrongful conduct, Plaintiffs experienced damage and are entitled to

12  compensation for lost earnings and other related damage.

13       173.    That at all time relevant herein and upon information and belief, Defendants, and

14  each of them, in concert with each others' actions as herein alleged were willful, intentional,

15  oppressive, and done with wanton and reckless disregard for the rights of Plaintiffs with malicious

16  intent, thereby requiring the imposition of punitive damages.

17

18                                   **CAUSE OF ACTION THIRTEEN**
                                      **Breach of Contractual Fiduciary Duty**

19       174.    That the allegations in the preceding paragraphs are hereby repeated and realleged

20  and incorporated herein by reference as though fully set forth in this section;

21       175.    That at all time relevant herein and upon information and belief, ROMANICA

22  acted in and has a fiduciary duty to Plaintiffs, as Chief Executive Officer, as did other of the

23  Defendants due to the contractual relationship between ISEE3D and PANLIANT;

24       176.    That at all time relevant herein and upon information and belief, ROMANICA

25  acted in and has a fiduciary duty to PANLIANT and SMITH and 50% owner of PANLIANT;

26       177.    That at all time relevant herein and upon information and belief, ROMANICA, by

27  his actions, and inactions, breached his fiduciary duties to PANLIANT and SMITH and has

28

1  violated the trust and confidence reposed in him by PANLIANT and SMITH, failing to pay

2  PANLIANT and SMITH the required payments due pursuant to the Agreements, named above, by

3  failing to provide PANLIANT and SMITH with relevant and proper accounting of the payments

4  due Plaintiffs, thereby creating decreased profits for PANLIANT and SMITH.

5      178.   That at all time relevant herein and upon information and belief, Defendants, and

6  each of them, in concert with each others' actions as herein alleged were willful, intentional,

7  oppressive, and done with wanton and reckless disregard for the rights of Plaintiffs with malicious

8  intent, thereby requiring the imposition of punitive damages.

9

10  **CAUSE OF ACTION FOURTEEN**
**Breach of Fiduciary Duty As Financial Officer and/or Director**

11     179.   That the allegations in the preceding paragraphs are hereby repeated and realleged

12  and incorporated herein by reference as though fully set forth in this section;

13     180.   That at all time relevant herein and upon information and belief, ROMANICA

14  acted in and has a fiduciary duty to Plaintiffs, as Chief Executive Officer, as did other of the

15  Defendants;

16     181.   That at all time relevant herein and upon information and belief, ROMANICA

17  acted in and has a fiduciary duty to PANLIANT and SMITH and 50% owner of PANLIANT;

18     182.   That at all time relevant herein and upon information and belief, ROMANICA, by

19  his actions, and inactions, breached his fiduciary duties to PANLIANT and SMITH and has

20  violated the trust and confidence reposed in him by PANLIANT and SMITH, failing to pay

21  PANLIANT and SMITH the required payments due pursuant to the Agreements, named above, by

22  failing to provide PANLIANT and SMITH with relevant and proper accounting of the payments

23  due Plaintiffs, thereby creating decreased profits for PANLIANT and SMITH.

24     183.   That at all time relevant herein and upon information and belief, Defendants, and

25  each of them, in concert with each others' actions as herein alleged were willful, intentional,

26  oppressive, and done with wanton and reckless disregard for the rights of Plaintiffs with malicious

27  intent, thereby requiring the imposition of punitive damages.

28

1

2

## CAUSE OF ACTION FIFTEEN
**Breach of Implied Covenant of Good Faith and Fair Dealings**

3

4

184.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

5

6

7

185.     That at all time relevant herein and upon information and belief, written and oral agreements involving the Defendants and Plaintiffs contained an implied covenant of good faith and fair dealings, by which the Defendants promised to deal fairly with Plaintiffs and in good faith;

8

9

10

186.     That at all time relevant herein and upon information and belief, the covenant of good faith and fair dealings required the Defendants to fairly, honestly and reasonably deal with Plaintiffs;

11

12

13

187.     That at all time relevant herein and upon information and belief, the covenant of good faith and fair dealings is inherent in every agreement and is implied in the dealings between the parties of this action, as well;

14

15

16

17

188. That at all time relevant herein and upon information and belief, the Defendants failed, without cause or reason, to deal with Plaintiffs reasonably and instead dealt with Plaintiffs in bad faith and unfairly, with a clear intent to deprive Plaintiffs the benefits of the bargain and of a fair deal.

18

## CAUSE OF ACTION SIXTEEN
**Respondeat Superior**

19

20

189.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

21

22

23

24

190.     That at all time relevant herein and upon information and belief, Defendant ROMANICA and other relevant Defendants was the agent, servant, and employee of the other Defendants and in doing the things alleged in this complaint was acting within the course and scope of that agency and employment.

25

26

27

191.     That at all time relevant herein and upon information and belief, while acting under the course and scope of his employment, ROMANICA and other relevant Defendants committed such acts as set forth in this complaint.

28

192.     That at all time relevant herein and upon information and belief, such acts were foreseeable by Defendants and are therefore vicariously liable for ROMANICA and other relevant Defendants' conduct while acting under said employment.

193.     That at all time relevant herein and upon information and belief, the Defendants knew of the ongoing fraud and ratified the conduct.

194.     That at all time relevant herein and upon information and belief, due to the ratification and the agency relationship between the Defendants, they are liable for the wrongful conduct and actions of ROMANICA and other relevant Defendants.

## CAUSE OF ACTION SEVENTEEN
### Declaratory Relief

195.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

196.     Pursuant to the Nevada Uniform Declaratory Judgments Act Plaintiffs are entitled to Declaratory Relief from this Court due to the existence of a substantial financial controversy with Defendants.

197.     As set forth within this Complaint, there exists a controversy relating to whether Defendants' owe Plaintiff a significant amount of money based upon contracts and the return of certain stock certificates, which represents consideration for services provided and for which the Plaintiffs are entitled to payment for said services.

198.     Plaintiffs allege the existence of a controversy relating to a question, construction or validity of the instrument or statute.  As such, Declaratory Relief from this Court is necessary to provide Plaintiffs an opportunity to settle with Defendants and to obtain relief from uncertainty and insecurity with respect to their respective rights, status and other legal relations, most specifically stock certificate ownership in ISEE3D, the valuation thereof an other remuneration.

199.     As a direct result of this pending controversy between the parties, the Court must examine this dispute between the parties and declare the respective rights of the parties;

200.     As a direct result of this pending controversy between the parties, the Court must examine certain alleged 'releases' and declare the respective rights of the parties;

201.     Plaintiffs seek a Declaration from the Court that it owns certain stock certificates of ISEE3D valued at a certain amount and that ISEE3D owes certain unpaid amounts under contract and seeks that this Court require Defendants to disgorge and return payment and property to the Plaintiffs and further described in detail herein and other financial relief from Defendants;

202.     Plaintiff also seeks a Declaration that the alleged 'releases' executed by certain of the Parties be deemed legally void for lack of consideration, among other legal grounds

## CAUSE OF ACTION EIGHTEEN
### Punitive Damages

203.     That the allegations in the preceding paragraphs are hereby repeated and realleged and incorporated herein by reference as though fully set forth in this section;

204.     That at all time relevant herein and upon information and belief, Plaintiffs allege that the actions complained of and committed by the Defendants hereinabove were done with ill-will, oppression, and/or malice towards Plaintiffs with such depraved indifference for the rights of Plaintiffs and to such an extent as to permit Plaintiffs to recover punitive damages.

## ATTORNEY'S FEES

205.     Plaintiffs have been required to retain the services of an attorney to enforce their rights asserted herein and are entitled to all reasonable  costs of litigation, attorney's fees and pre-trial interest, pursuant to contact, equity and statute.

## RESERVATION OF RIGHTS

WHEREFORE, Plaintiffs expressly reserve the right to amend the Complaint at the time of trial and prior, so as to include claims and damages that conform to the evidence, including causes of actions not yet ascertained.  As well, Plaintiff reserves their right to amend this Complain to add the proper parties net yet known at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief and that judgment be entered against the Defendants and each of them, jointly and severally for all of the above causes of action, respectively and as follows:

1.     That Plaintiffs be awarded a judgment in their favor for each of the Causes of

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP

79921-00000 2164982.1

30

1   Action set forth in this Complaint;

2        2.        For damages consisting of, but not limited to, the following:

3                  a.        Actual and consequential damages, including economic, general and special

4   damages, caused by the Defendants' conduct as alleged herein;

5                  b.        Treble damages as permitted by the Federal and State RICO Act;

6                  c.        Attorney's fees and all costs associated with this lawsuit, including expert

7   expenses incurred by Plaintiffs as a result of the need to pursue the Defendants' conduct as

8   permitted by both Federal and Nevada state law, included all costs incurring both before and after

9   the filing of this Complaint;

10                 d.        Punitive damages in an appropriate amount to be determined by the jury as

11  permitted by both Federal and Nevada state law, for the Causes of Actions wherein the Defendants

12  have specifically demonstrated malice and depraved regard for the Plaintiffs to warrant such an

13  award;

14       3.        A Declaration from this Court that certain securities be returned to the Plaintiffs

15  and valued and that the alleged Releases executed by certain of the Parties are legally void for lack

16  of consideration, among other legal grounds;

17       5.        For a Judgment against the Defendants finding them liable to the Plaintiffs for

18  reimbursement for all such costs and pre-judgment interest at the court rate;

19       4.        For a Judgment against the Defendants finding them liable to the Plaintiffs to

20  disgorge to Plaintiffs all amounts due to Plaintiffs, including the value of the taken stock certificates at

21  present value;

22       5.        For a Judgment in favor of the Plaintiffs for damages arising from the causes of

23  actions as alleged herein against the Defendants; and

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

6.      That Plaintiffs be awarded such other and further relief as the Court may deem just and proper.

Dated: August __Z__, 2012

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By:_____
SCOTT E. CHAPMAN, ESQ.
Nevada Bar No.: 6592
DYLAN P. TODD, ESQ.
Nevada Bar No.: 10456
8337 West Sunset Road, Suite 350
Las Vegas, NV  89113
Attorneys for Plaintiffs

__VERIFICATION__

STATE OF NEVADA      )

                       )    ss.

COUNTY OF CLARK     )

      I have read the foregoing COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL, and know its contents.

      I am party to this action.  The matters stated in it are of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true; and

      I am an officer of PANLIANT FINANCIAL CORPORATION and A.G. SOLUTIONS, LIMITED, parties to this action and am authorized to make this verification for and on its behalf and I make this verification for that reason,  I have read the foregoing document.  I am informed and believe and on that ground allege that the matters stated in it are true.

      Executed at _Vancouver_, _BC, Canada_, on the _2nd_ day of August, 2012.

      I declare under penalty of perjury under the laws of the State of Nevada, that the foregoing is true and correct.

ALAN G. SMITH, AS AN AUTHORIZED
OFFICER OF PANLIANT FINANCIAL
CORPORATION

79921/00000-1979084.v1