1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PANLIANT FINANCIAL CORPORATION, *et al.*, )
                                           )
                        Plaintiffs,        )
                                           )
vs.                                        )
                                           )
ISEE3D, INC., *et al.*,                    )
                                           )
                        Defendants.        )
                                           )

Case No. 2:12-cv-01376-PMP-CWH

**ORDER**

     This matter is before the Court on Plaintiffs' Motion to Enlarge Time to Serve All Defendants (#6), filed on March 29, 2013.

**BACKGROUND**

     The complaint in this matter was filed on August 3, 2012.  (#1).  The time to serve the one non-foreign defendant, Bay Management, Ltd., will expire on April 2, 2013.  The other defendants are either corporations with their principal place of business outside the United States or individuals who reside outside the United States and will have to be served through the Hague Convention.  By way of the current motion, Plaintiffs seek an enlargement of time of sixty (60) days to accomplish service on all defendants.  Plaintiffs attest that the additional time is needed because service through the Hague Convention takes an extended amount of time and their counsel may withdraw.  No prior request for an extension of time to serve has been submitted.

**DISCUSSION**

     Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*  Courts have broad discretion to extend time for service under Rule 4(m).  *Efaw v. Williams*, 473 F.3d

1   1038, 1041(9th Cir. 2003).  The Supreme Court has stated that the 120-day time period for service
2   contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible
3   allowance."  *Henderson v. United States*, 517 U.S. 654, 661 (1996).  "On its face, Rule 4(m) does not tie
4   the hands of the district court after the 120-day period has expired.  Rather, Rule 4(m) explicitly permits
5   a district court to grant an extension of time to serve the complaint *after* that 120-day period."  *Mann v.*
6   *American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003).  Moreover, the Advisory Committee Notes to
7   Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good
8   cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to
9   relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause
10  shown."  See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

11          Generally, "good cause" is equated with diligence.  *See* Wright & Miller, *Federal Practice and*
12  *Procedure: Civil 3d* § 1337.  In the Ninth Circuit, a showing of good cause requires more than simple
13  inadvertence, mistake of counsel, or ignorance of the rules.  *See National Union Fire Ins. Co. v. Monroe*,
14  2011 WL 383807 (D. Nev.) (citations omitted). "At a minimum, good cause means excusable neglect.  A
15  plaintiff may also be required to show the following: (a) the party to be served personally received actual
16  notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely
17  prejudiced if his complaint were dismissed."  *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)
18  (citation omitted).

19          Additionally, Rule 4(m) does not apply to service in a foreign country.  The Ninth Circuit has
20  affirmed that the 120 day deadline for service after filing does not apply to service in a foreign country.
21  *See Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991).  Here, the Court finds that Plaintiff has demonstrated
22  good cause for an extension of the 120-day time period for service for the one non-foreign defendant.
23  Plaintiff's motion was filed prior to expiration of the original 120-day period.  Additionally, service for
24  the other defendants will be accomplished in a foreign country.  Therefore, the Court finds that sixty (60)
25  days is sufficient as an extension to the original 120-day time period.

26          Based on the foregoing and good cause appearing therefore,

27          **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Enlarge Time to Serve All Defendants
28  (#6) is **granted**.  Plaintiff shall have and additional sixty (60) days to complete service for all

2

1  defendants, up to and including June 3, 2013.

2        DATED this 1st day of April, 2013.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**