# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PANLIANT FINANCIAL CORPORATION, )<br>　　　　　　　Plaintiff, )<br>vs. )<br>ISEE3D, INC., *et al.*, )<br>　　　　　　　Defendants. ) | Case No. 2:12-cv-01376-PMP-CWH<br>**ORDER** |

This matter is before the Court on Plaintiffs' Motion to Serve Defendant Dwight Romanica Through Alternative Means Pursuant to FRCP 4(f)(3) (#53), filed on May 12, 2014.

## **BACKGROUND**

The Complaint (#1) in this matter was filed on August 3, 2012 and a Summons (#17) for Dwight Romanica was issued on June 27, 2013. The time to serve Defendant Dwight Romanica expired on August 5, 2013. *See* Order #9. By way of the current motion, Plaintiffs request that service for Defendant Dwight Romanica be permitted through alternative means under Federal Rule of Civil Procedure 4(f)(3). Specifically, Plaintiffs seek to complete service by email, Facebook, his employer's Canadian address, and his employer's Nevada registered agent. Notably, Plaintiffs do not request an extension of time to complete service.

## **DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id*. Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041(9th Cir. 2003). The Supreme Court has stated that the 120-day time period for service

contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments.

Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, 2011 WL 383807 (D. Nev.) (citations omitted). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citation omitted).

Here, the Court finds that Plaintiffs have failed to request an extension of time to complete service on Defendant Dwight Romanica. They failed to state the date when service had to be completed. They also failed to cite Rule 4(m) or the good cause standard for an extension of time to complete service. Plaintiff did not provide sufficient information to find that their delay in service from the time Summon was issued in June 2013 until May 2014 is justified by good cause. Accordingly, Plaintiffs' motion to complete service by publication is deficient as the period to complete service has expired.

As for service by publication, Rule 4(f) allows for service on an individual in a foreign country by any internationally agreed means that is reasonably calculated to give notice or other method prescribed by the foreign country's law. Plaintiffs indicate that Defendant Dwight Romanica is a Canadian citizen and officer for a Nevada business. They request that service be allowed by using his two known email addresses, sending a message through Facebook, and alternatively, through the


business for which he is an officer at the Canadian address or Nevada registered agent.

    A party seeking service by publication must seek leave of the court by filing an affidavit demonstrating its due diligence in attempting to personally serve the defendant.  There are several key factors Nevada courts generally look at when evaluating whether a party seeking service by publication has demonstrated due diligence.  Nevada courts principally consider the number of attempts made by the plaintiff and other methods of locating the defendant.  *See, e.g., Price v. Dunn*, 106 Nev. 100, 103 (1990); *Abreu v. Gilmer*, 115 Nev. 308, 311 (1999); *McNair v. Rivera*, 110 Nev. 463, 454 (1994).  In *Price*, the Nevada Supreme Court overturned the district court's grant of service by publication because "other reasonable methods exist for locating the whereabouts of a defendant." *Id.*  In contrast, in *Abreu*, the court determined that plaintiff had exercised due diligence in attempting service because it made three attempts at his possible address and also consulted telephone company directories.  115 Nev. at 311.  Here, Plaintiffs attach an affidavit of Alan G. Smith that indicates attempts to locate Defendant Dwight Romanica and information from Empire Tracing he may be residing in Paraguay or Vancouver, Canada.  The Court may allow Defendant Dwight Romanica to be served under Rule 4(f)(3) by his email addresses and Facebook message, but because Plaintiffs failed to request an extension of time to complete service, the request will be denied at this time.

    Based on the foregoing and good cause appearing therefore,

    **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Serve Defendant Dwight Romanica Through Alternative Means Pursuant to FRCP 4(f)(3) is **denied without prejudice**.

    DATED this 13th day of May, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**