**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PANLIANT FINANCIAL CORPORATION,  )
                                                       )
                Plaintiff,                   )
                                                       )
vs.                                                           )
ISEE3D, INC., *et al.*,              )
                                                       )
                Defendants.        )

Case No. 2:12-cv-01376-PMP-CWH

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Extend Time to Complete Service on Dwight Romanica (#56), filed on May 15, 2014.

**BACKGROUND**

The Complaint (#1) in this matter was filed on August 3, 2012 and a Summons (#17) for Dwight Romanica was issued on June 27, 2013. The time to serve Defendant Dwight Romanica expired on August 5, 2013. *See* Order #9. By way of the current motion, Plaintiffs request that the time for service be extended and service for Defendant Dwight Romanica be permitted through alternative means under Federal Rule of Civil Procedure 4(f)(3). Specifically, Plaintiffs seek to complete service by email, Facebook, his employer's Canadian address, and his employer's Nevada registered agent.

**DISCUSSION**

Federal Rule of Civil Procedure 4(m) provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id*. Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003). The Supreme Court has stated that the 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible

allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Furthermore, 4(m) notes that it does not apply to service in a foreign country under Rule 4(f).

Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337. In the Ninth Circuit, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the rules. *See National Union Fire Ins. Co. v. Monroe*, 2011 WL 383807 (D. Nev.) (citations omitted). "At a minimum, good cause means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) the plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) (citation omitted).

Here, the Court finds that Plaintiffs have provided sufficient justification to extend time to serve Defendant Dwight Romanica. Although the 120 day time limit in Rule 4(m) does not apply to foreign defendants subject to service under 4(f), Plaintiffs previously failed to provide adequate explanation of why service has not been completed within the 10 month period since summons was issued on June 27, 2013. Further, Plaintiffs previously failed to state a date by which they would complete service. Therefore, the Court will grant Plaintiffs' request to extend time to serve Defendant Dwight Romanica until July 15, 2014.

As for service by publication, Rule 4(f) allows for service on an individual in a foreign country by any internationally agreed means that is reasonably calculated to give notice or other method prescribed by the foreign country's law. Plaintiffs previously indicated that Defendant Dwight Romanica is a Canadian citizen and officer for a Nevada business. They requested that service be

allowed by using his two known email addresses, sending a message through Facebook, and alternatively, through the business for which he is an officer at the Canadian address or Nevada registered agent.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Extend Time to Complete Service on Dwight Romanica (#56) **is granted subject to the following modifications:**

1. Plaintiffs shall have until July 15, 2014 to serve Defendant Dwight Romanica.
2. Plaintiffs shall serve Defendant Dwight Romanica by email at Dromanica@hotmail.com and dromanica@gmail.com.

DATED this 16th day of May, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**