UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PANLIANT FINANCIAL
CORPORATION, ALAN G. SMITH, and
A.G. SOLUTIONS LIMITED,

        Plaintiff,

v.

ISEE3D, INC.; DWIGHT ROMANICA;
MARK GEOHEGAN; BAY
MANAGEMENT LTD.; TOM
MITCHELL; ILYA SOROKIN; and
INXSYS, INC.,

        Defendants.

2:12-cv-01376-PMP-CWH

ORDER

Presently before this Court is Defendant Bay Management Ltd.'s ("Bay") Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #41), filed on March 25, 2014.  On April 11, 2014, Plaintiffs filed an Opposition (Doc. #45).  Defendant Bay filed a Reply (Doc. #46) on April 18, 2014.

Also before the Court is Plaintiffs Panliant Financial Corporation ("Panliant"), Alan G. Smith ("Smith"), and A.G. Solutions Limited's Motion to Strike Portions of Defendant Bay Management's Reply in Support of Its Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #52), filed on May 1, 2014.  Defendant Bay filed an Opposition to Plaintiffs' Motion to Strike and a Countermotion to Set Aside Clerk's Default (Doc. #55) on May 14, 2014.  Plaintiffs filed an Opposition to Defendant Bay's Countermotion (Doc.

#61) on May 23, 2014. Defendant Bay did not file a Reply.

**I. BACKGROUND**

Defendant Dwight Romanica and Plaintiff Smith were each fifty percent co-owners of Plaintiff Panliant. (Am. Compl. (Doc #4) at 7.) Plaintiff Panliant contracted with Defendant ISEE3D, Inc. ("ISEE3D") for consulting and corporate restructuring services in 2007. (Id. at 5.) Plaintiff Smith became Chief Executive Officer of ISEE3D in April 2008, and remained in that position until October 2008. (Id. at 6.) Defendant Mark Geohegan ("Geohegan") began to perform management services for ISEE3D in March 2008 through his wholly-owned company, Defendant Bay. (Id.) According to Plaintiffs, Defendant Geohegan had inside information about ISEE3D and was effectively an undisclosed director of the company. (Id. at 6, 9.)

Plaintiffs allege that from March 2008 through July 2009, Defendants engaged in a pattern of racketeering activity, misrepresentation, and fraud to destroy Plaintiffs' business relationships with ISEE3D. (Id. at 7–31.) Plaintiffs contend that Plaintiff Smith requested that Defendant Geohegan be properly disclosed and vetted as a corporate insider. (Id. at 9–10.) According to Plaintiffs, Defendants responded by conspiring to create the impression that Plaintiff Smith engaged in insider trading and check fraud. (Id. at 9–11.) Plaintiffs assert that Defendants threatened to publicize these allegations to extort Plaintiffs and terminate their contractual and financial relationships with ISEE3D. (Id. at 11–13.) Plaintiffs further contend that Defendants fraudulently transferred ISEE3D and Panliant corporate assets to themselves. (Id. at 10–15.)

On August 3, 2012, Plaintiffs filed a Complaint in this Court, alleging violations of state and federal racketeering laws, fraud, misrepresentation, unjust enrichment, and breach of fiduciary duties. (Compl. (Doc. #1).) Plaintiffs filed an Amended Complaint on December 3, 2012. (Am. Compl. (Doc #4).) Plaintiffs initially represented to the Court that they understood Defendant Bay to be a domestic corporation, and that time for service

on Bay was governed by Federal Rule of Civil Procedure 4(m).  (Pls.' Mot. to Enlarge Time to Serve All Defs. (Doc. #6) at 3–5.)  Plaintiffs moved for an enlargement of time to serve all Defendants, including some foreign Defendants.  (Id. at 1–6.)  The Court granted a 60-day extension to complete service on all Defendants, up to and including June 3, 2013.  (Order (Doc. #7) at 2–3.)

On June 3, 2013, Plaintiffs filed a second motion to extend time, requesting an additional 180 days to complete service on all Defendants, including some foreign Defendants.  (Pls.' Second Mot. to Extend Time to Serve All Defs. (Doc. #8) at 7.)  The Court granted an extension of 60 days to serve all Defendants, up to and including August 5, 2013, stating that an additional 180 days was not warranted.  (Min. Order (Doc #9).)  Plaintiffs timely served Defendant Geohegan, sole owner of Defendant Bay, on July 1, 2013.  (Summons Returned Executed - Mark Geohegan (Doc. #26).)  On July 12, 2013, Plaintiffs made their request for service abroad on Defendant Bay.  (Summons Returned Executed - Bay Management (Doc. #35) at 3.)  The August 5 deadline expired without Plaintiffs accomplishing service on Defendant Bay.  Plaintiffs did not move to extend the deadline to serve Defendant Bay beyond August 5, 2013.  Plaintiffs served Defendant Bay on September 25, 2013.  (See id. at 55–58.)  Defendant Bay did not file an answer or otherwise respond to the Amended Complaint within twenty days of being served.

Plaintiffs moved for an entry of clerk's default on March 25, 2014.  (Pls.' Mot. for Entry of Clerk's Default (Doc. #40).)  They included in their filing an affidavit that Defendant Bay had been served, had not yet appeared or otherwise responded to the action, and that the deadline for such appearance was October 16, 2013.  (Id., Decl. of Allyson R. Noto.)  Later that same day, Defendant Bay filed a Motion to Dismiss for failure to properly serve.  (Def. Bay Management Ltd.'s Mot. to Dismiss Pls.' Am. Compl. ["Mot. to Dismiss"] (Doc. #41).)  The Clerk of Court entered default as to Defendant Bay on March 26, 2014.  (Clerk's Entry of Default (Doc. #43).)

3

In its Motion to Dismiss, Defendant Bay argues service was untimely because it was accomplished after the court-ordered deadline of August 5, 2013.  Plaintiffs respond by arguing service was proper because Bay is a foreign corporation, and therefore Rule 4(f) governs service on Bay rather than Rule 4(m)'s 120-day limit.  Plaintiffs further argue Defendant Bay cannot participate in the action until the default is set aside.  Plaintiffs contend that, because the Clerk of Court entered a default after Defendant Bay submitted its Motion, Defendant Bay waived any arguments regarding irregularities in the summons.  Finally, Plaintiffs argue the Court should decide this case on the merits, rather than a procedural technicality.

In Reply, Defendant Bay contends the timeliness of service was governed by the Court's June 3, 2013 Minute Order, not by the standard of Rule 4(f).  Defendant Bay also argues, for the first time in its Reply, that the case should be dismissed under Rule 41(b) because Plaintiffs failed to comply with the June 3, 2013 Minute Order.  Finally, Defendant Bay argues the Clerk's entry of default is void, or alternatively, that it should be set aside by the Court for good cause.

Plaintiffs move to strike the portions of Defendant Bay's Reply that seek to set aside the default, arguing Defendant Bay introduced new evidence regarding the default without giving Plaintiffs a chance to respond.  Plaintiffs also argue the request to set aside the default is a new request for relief, raised for the first time in the Reply.  Plaintiffs further contend Defendant Bay's failure to timely respond to Plaintiffs' Amended Complaint constitutes culpable conduct, and Bay has not presented a meritorious defense.  Plaintiffs therefore conclude Bay has not shown good cause to set aside the default.

Defendant Bay opposes the Motion to Strike and countermoves to set aside the default. Defendant Bay asserts the facts and arguments raised in its Reply regarding the default were in response to an argument raised by Plaintiffs in their Opposition to Defendant Bay's Motion to Dismiss.  Defendant Bay thus contends its evidence and

4

arguments regarding the default are properly before this Court. Defendant Bay countermoves to set aside the default as void, and for good cause.

Plaintiffs oppose the Countermotion to Set Aside the Default, arguing that their failure to serve Bay by August 5, 2013 should not void the default because the deadline was based on the incorrect assumption that Bay was a domestic corporation. Plaintiffs contend the Court may have granted more time to serve Defendant Bay had it known that Bay is a foreign corporation. Plaintiffs argue service was effective, and therefore the default is not void. Plaintiffs also argue Defendant Bay engaged in culpable conduct by failing to timely respond to the Amended Complaint because Bay received actual notice of the lawsuit when Defendant Geohegan, Bay's sole owner, was timely served. Plaintiffs thus assert Defendant Bay has not shown good cause to set aside the default.

## II. DEFENDANT BAY'S MOTION TO DISMISS AND COUNTERMOTION TO SET ASIDE THE DEFAULT

In its Motion to Dismiss, Defendant Bay argues Plaintiffs' service of process was untimely because it was accomplished after the August 5, 2013 deadline set by the Court. Plaintiffs acknowledge that they did not meet the court-ordered August 5, 2013 deadline. However, Plaintiffs contend service was proper because Defendant Bay is a foreign corporation, and their request for additional time to serve all Defendants was based on a mistaken belief that Defendant Bay was a domestic corporation. Plaintiffs thus contend their failure to meet the deadline should not be dispositive. Instead, Plaintiffs assert that service on Bay should be measured against the standard of Rule 4(f), which has no express time limit for service. Plaintiffs argue the Court might have granted more time for service had it known that Bay was a foreign corporation.

Additionally, Plaintiffs contend that Defendant Bay cannot move to dismiss the Amended Complaint because the Clerk of Court entered default against Bay. Defendant Bay argues that the entry of default is void because Bay was not properly served.

5

Alternatively, Defendant Bay contends there is good cause to set aside the default because Bay has a good faith reason for failing to respond, Bay has a meritorious defense, and Plaintiffs would not be prejudiced if the Court sets aside the default. Plaintiffs counter that the default is not void because service was effective. Plaintiffs also argue Defendant Bay has not shown good cause to set aside the default because Bay acted culpably by failing to answer or otherwise respond to Plaintiffs' Amended Complaint within twenty days.

### A. The Default Must be Set Aside

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court must enter the default of a party against which a judgment is sought, if that party has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Any of the reasons listed under Rule 60(b) to justify vacating a default judgment will justify relief from an entry of default. Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Rule 60(b)(4) authorizes the Court to set aside a default judgment that is void. Under Rule 60(b)(4), a judgment is void "if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law." United States v. Berke, 170 F.3d 882, 883 (9th Cir. 1999). Consequently, a default judgment is void if the defendant to the suit was never properly served. S.E.C. v. Ross, 504 F.3d 1130, 1138–39 (9th Cir. 2007). If the Court determines that the default judgment entered against a defendant is void, relief under Rule 60(b)(4) is mandatory. Thomas P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica, 614 F.2d 1247, 1256 (9th Cir. 1980).

If an entry of default is not void, the Court may set it aside for "good cause." Fed. R. Civ. P. 55(c); United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle"), 615 F.3d 1085, 1091 (9th Cir. 2010). In ruling on a motion to set aside a default, the Court considers whether the plaintiff would be prejudiced if the default is set aside, whether the defendant has a meritorious defense, and whether the defendant engaged in

6

1  culpable conduct that led to the default.  Id.  The defendant bears the burden of
2  demonstrating that these factors favor setting aside the default.  TCI Grp. Life Ins. Plan v.
3  Knoebber ("TCI"), 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds, Egelhoff
4  v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).  If the defendant fails to meet its burden
5  with respect to any of these factors, the Court may deny the motion to set aside the default.
6  Mesle, 615 F.3d at 1091.

7        To determine whether the plaintiff would be prejudiced if the default judgment is
8  set aside, "[t]he standard is whether his ability to pursue his claim will be hindered."  Falk
9  v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).  Setting aside a default must do more than
10 simply delay resolution of the case to be considered prejudicial to the plaintiff.  TCI, 244
11 F.3d at 701.  Similarly, requiring a plaintiff to adjudicate a claim on the merits does not
12 constitute prejudice.  Id.  Rather, the delay must result in some tangible harm, such as "loss
13 of evidence, increased difficulties of discovery, or greater opportunity for fraud or
14 collusion."  Id. (quotation omitted).

15       To satisfy the "not extraordinarily heavy" burden of presenting a meritorious
16 defense, the defendant seeking to vacate a default must present specific facts that would
17 constitute a defense.  Id. at 700.  There must be some possibility that the suit would have a
18 different outcome at trial than the result achieved by default.  Hawaii Carpenters' Trust
19 Funds, 794 F.2d at 513.

20       Finally, "a defendant's conduct is culpable if he has received actual or
21 constructive notice of the filing of the action and intentionally failed to answer."  TCI, 244
22 F.3d at 697 (emphasis and quotation omitted).  However, if the defendant offers a good
23 faith explanation for its neglectful failure to answer, and that explanation negates any intent
24 to take advantage of the plaintiff, interfere with judicial decisionmaking, or otherwise
25 manipulate the legal process, such failure is not "intentional."  Id. at 697–98.  For example,
26 where the defendants received actual notice of the lawsuit, but failed to answer because

they did not believe the court had subject matter jurisdiction, the defendants' failure to answer was not culpable. Id. at 698.  Instead, a defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id.

This test is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Brandt v. Am. Bankers Ins. Co. of Fla., 653 F.3d 1108, 1111 (9th Cir. 2011) (quotation omitted).  The Court has discretion to determine whether to set aside a default. O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994).  The Court's discretion is especially broad when considering a motion to set aside an entry of default, as opposed to a default judgment. Id.  Generally, cases should be decided on the merits, rather than by default. See, e.g., Mesle, 615 F.3d at 1091.

As discussed below, Plaintiffs' service on Bay was untimely because it came fifty-three days after the court-ordered deadline.  Therefore Plaintiffs' service on Defendant Bay was ineffective, and the default entry against Defendant Bay is void.

Even if the default were not void, Defendant Bay has demonstrated good cause to set it aside.  Defendant Bay's failure to answer was not culpable.  Bay has a good faith explanation for its failure to answer the Amended Complaint by the deadline because Bay contends that service of process was ineffective.  This explanation negates an intent to take advantage of the plaintiff, interfere with judicial decisionmaking, or otherwise manipulate the legal process.

Bay also has presented several meritorious defenses in its Countermotion to Set Aside the Default.  Bay asserts that Plaintiffs fail to allege the necessary elements of a claim of unjust enrichment against Defendant Bay.  Bay further contends that Plaintiffs' breach of fiduciary duty claims are inapplicable to Defendant Bay because Plaintiffs do not allege that Defendant Bay owed Plaintiffs a fiduciary duty.  Because Defendant Bay has raised these defenses, there is at least some possibility that the outcome of Plaintiffs' claims of breach of

fiduciary duty and unjust enrichment will be different at trial than the outcome by default.

Finally, Bay notes that Plaintiffs have not argued that setting aside the default would reduce their ability to collect evidence or conduct discovery, or that it would increase the possibility of fraud by Defendants. Plaintiffs thus would not be prejudiced if the Court sets aside the entry of default. The Court therefore grants Defendant Bay's Countermotion to Set Aside the Default because the default is void, and even if the default were not void, Defendant Bay has demonstrated good cause to set it aside.

### B. Service of Process was Untimely

Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Court must extend the 120-day time limit of Rule 4(m) if the serving party demonstrates good cause for failure to serve within 120 days. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. Id. The Court may extend time for service even after the 120-day period expires. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

By its terms, Rule 4(m) does not apply to service in a foreign country, and Rule 4(m)'s 120-day limit does not govern service of a foreign defendant. Lucas v. Natoli, 936 F.2d 432, 432–33 (9th Cir. 1991). Rather, Rule 4(h)(2) and Rule 4(f) govern service on a foreign corporation. Neither Rule 4(h)(2) nor Rule 4(f) contain an express time limit for

service.

Pursuant to Rule 12(b)(5), the Court may dismiss an action based on insufficient service of process. When the Court considers a motion to dismiss for untimely service, the serving party bears the burden of demonstrating good cause for the delay. Fed. R. Civ. P. 4(m); see also Boudette v. Barnette, 923 F.2d 754, 755–56 (9th Cir. 1991). Courts must determine on a case-by-case basis whether the serving party has shown good cause. In re Sheehan, 253 F.3d at 512. Generally, good cause is equated with diligence. Townsel v. Contra Costa Cnty., Cal., 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. Id. "[A]t a minimum, good cause means excusable neglect." In re Sheehan, 253 F.3d at 512 (quotation omitted). Additionally, a serving party may need to show that the party to be served received actual notice of the lawsuit, the party to be served would suffer no prejudice, and the serving party would be severely prejudiced if the complaint is dismissed. Id. The Court also may consider whether the serving party eventually accomplished service. Efaw, 473 F.3d at 1041.

In this case, Plaintiffs twice moved the Court for an extension of time to serve all Defendants. Both times, Plaintiffs raised the issue that all Defendants except Bay were foreign. The Court set a service deadline that applied to all Defendants, including those that the Court understood to be foreign. In their second Motion, Plaintiffs asked for a 180-day extension. The Court ruled that 180 days were not necessary and set August 5, 2013 as the deadline to accomplish service on all Defendants, foreign and domestic. Plaintiffs accomplished service on September 25, 2013, fifty-three days after the court-ordered deadline. Plaintiffs therefore failed to timely serve Defendant Bay, and the Court grants Defendant Bay's Motion to Dismiss.

Even if the Court considered granting Plaintiffs an extension of time under Rule 4, Plaintiffs have not demonstrated good cause to extend time to serve Defendant Bay.

Plaintiffs have shown Bay had actual notice of the lawsuit, because Defendant Geohegan, Defendant Bay's sole owner, was timely served with the Amended Complaint, which named Bay as a Defendant. (See Summons Returned Executed - Mark Geohegan.) Plaintiffs also have shown that Bay would not be prejudiced if time were extended, because Bay actually knew about the suit and forcing Bay to defend on the merits is not prejudicial. Further, Plaintiffs have demonstrated that Bay eventually was served with the Amended Complaint. (Executed Bay Summons at 55–58.)

However, Plaintiffs have failed to demonstrate they were diligent in serving Bay. Plaintiffs served Defendant Bay fifty-three days after the August 5, 2013 court-imposed deadline to effect service. Plaintiffs did not move to extend the Court's deadline, and to this date they have not done so. Failure to comply with the court-ordered deadline, combined with a failure to request an extension of that deadline, weighs strongly against a finding of good cause. Moreover, as their second motion to extend time for service demonstrates, Plaintiffs were unaware that Bay was a foreign Defendant as late as June 3, 2013, over three-hundred days after filing the original Complaint. There is no evidence in the record, and Plaintiffs do not assert, that Bay attempted to evade service or hide its location. Plaintiffs offer no evidence or explanation as to why it took so long for them to determine Defendant Bay's location. Plaintiffs' conclusory statement, unsupported by any evidence, that they "reasonably searched" for Bay's location, is insufficient to demonstrate diligence.

Plaintiffs also have failed to show that they would be severely prejudiced by a dismissal without prejudice for failure to timely serve Bay. Plaintiffs have not argued, for example, that any applicable statute of limitations would preclude them from refiling their lawsuit and timely serving Bay. Plaintiffs offer only the unsupported conclusory argument that a dismissal for untimely service would unfairly harm them, without specifying what the harm would be.

11

Under Rule 4, the Court has discretion, even without good cause, to extend the time for service, but the Court declines to do so in this case. Plaintiffs failed to comply with the court-ordered deadline, did not timely seek an extension of the deadline, were not diligent, and have not demonstrated that they will suffer prejudice if the case is dismissed for lack of service. Therefore, the Court grants Defendant Bay's Motion to Dismiss.

### III.  MOTION TO STRIKE

Plaintiffs' Motion to Strike asserts Defendant Bay's Reply raises a new substantive issue of law by asking the Court to set aside the entry of default. Plaintiffs also note that Bay's request for the Court to set aside the default is a new request for relief, raised for the first time in the Reply. Plaintiffs argue that because Bay did not raise the issue of the default in its Motion to Dismiss, and Plaintiffs did not have an opportunity to respond, the Court should strike the portions of the Reply that dealt with the default. Bay counters that it responded to Plaintiffs' arguments about default to present the full factual context and to point out that the default is void due to ineffective service.

The Court may strike from a pleading any insufficient defense or any material that is "redundant, immaterial, impertinent, or scandalous," on its own or on motion by one of the parties. Fed. R. Civ. P. 12(f). Generally, the Court will not consider a new issue raised for the first time in a reply brief. Vasquez v. Rackauckas, 734 F.3d 1025, 1054 (9th Cir. 2013). When a party presents new evidence in reply, a court should not consider that evidence without giving the other party an opportunity to respond. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996).

Defendant Bay's Reply did not raise new arguments or recite new facts because the Reply responds to arguments about the default raised in Plaintiffs' Opposition to Bay's Motion to Dismiss. Bay's Reply addresses the timeliness of service, which was the basis of Bay's Motion to Dismiss, to contend that the default is void and that there is good cause to set it aside. Even if Bay's Reply raised new arguments and evidence, Plaintiffs have

responded to Defendant Bay's arguments about the default in their Opposition to the Motion to Dismiss, in their Motion to Strike, and in their Opposition to the Countermotion to Set Aside the Default. The Court therefore denies Plaintiffs' Motion to Strike.

## VI.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant Bay Management Ltd.'s Countermotion to Set Aside Clerk's Default (Doc. #55) is hereby GRANTED. The Entry of Clerk's Default against Defendant Bay Management, Ltd. (Doc. #43) is hereby VACATED.

IT IS FURTHER ORDERED that Defendant Bay Management Ltd.'s Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #41) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs Panliant Financial Corporation, Alan G. Smith, and A.G. Solutions Limited's Motion to Strike Portions of Defendant Bay Management's Reply in Support of its Motion to Dismiss Plaintiffs' Amended Complaint (Doc. #52) is hereby DENIED.

DATED:  July 21, 2014

_____
PHILIP M. PRO
United States District Judge