UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PANLIANT FINANCIAL CORPORATION, et al., | |
| Plaintiffs, | 2:12-CV-01376-PMP-CWH |
| v. | ORDER |
| ISEE3D, Inc., et al., | |
| Defendants. | |

Before the Court is Plaintiffs Panliant Financial Corporation, Alan G. Smith, and A.G. Solutions Limited's Application for Default Judgment (Doc. #71) against Defendants ISEE3D, Inc. ("ISEE3D") and Ilya Sorokin ("Sorokin"), filed on July 23, 2014. Sorokin filed an Opposition (Doc. #75) on August 11, 2014. Plaintiffs filed a Reply (Doc. #77) on August 21, 2014. ISEE3D did not oppose the motion.

Also before the Court is Sorokin's Motion to Set Aside Default (Doc. #74), filed on July 30, 2014. Plaintiffs filed an Opposition (Doc. #76) on August 15, 2014. Sorokin filed a Reply (Doc. #78) on August 25, 2014.

**I. BACKGROUND**

The parties are familiar with the facts of this case, and the Court will not repeat them here except where necessary. On August 3, 2012, Plaintiffs filed a Complaint in this Court, alleging violations of state and federal racketeering laws, fraud, misrepresentation, unjust enrichment, and breach of fiduciary duties arising out of business disputes related to the control of ISEE3D and the consulting contract between Plaintiff Panliant Financial

Corporation and ISEE3D. (Compl. (Doc. #1).) Plaintiffs filed an Amended Complaint on December 3, 2012. (Am. Compl. (Doc #4).) Plaintiffs moved for an enlargement of time to serve all Defendants, including Sorokin and ISEE3D. (Pls.' Mot. to Enlarge Time to Serve All Defs. (Doc. #6).) The Court granted a 60-day extension to complete service on all Defendants, up to and including June 3, 2013. (Order (Doc. #7) at 2-3.) On June 3, 2013, Plaintiffs filed a second motion to extend time, requesting an additional 180 days to complete service on all Defendants. (Pls.' Second Mot. to Extend Time to Serve All Defs. (Doc. #8).) The Court granted an extension of 60 days to serve all Defendants, up to and including August 5, 2013, stating that an additional 180 days were not warranted. (Min. Order (Doc. #9).)

Plaintiffs filed an affidavit of service stating the Summons and Amended Complaint were served on Sorokin on July 18, 2013, "by leaving with the gate guard/doorman . . . at 120 Riverside Blvd., PH 3, New York, NY 10069-0501." (Summons & Proof of Service (Doc. #27) at 2 (emphasis omitted).) Sorokin submitted a declaration stating that this "is the address of a corporate apartment leased by ActForex, Inc. It is used by out of town company executives and occasionally clients, when they come to New York City." (Def. Ilya Sorokin's Mot. to Set Aside Default (Doc. #74), Ex. B at ¶ 5.) Sorokin's declaration further states that he has maintained a permanent residence in Connecticut for all periods relevant to this lawsuit, and that he has a Connecticut driver's license and files tax returns in Connecticut. (Id. at ¶ 6.) According to Sorokin, he became aware of this case in March or April of 2014. (Id. at ¶ 8.)

The August 5, 2013, deadline set by the Court passed without Plaintiffs serving ISEE3D. Plaintiffs did not move to extend the deadline to serve ISEE3D beyond August 5, 2013. More than six months after the deadline passed, Plaintiffs filed an affidavit of service stating the Summons and Amended Complaint were served on ISEE3D on February 6, 2014, "by mail slotting them at the Registered Office address listed on the Corporate Profile

1 with Corporations Canada." (Summons & Proof of Service (Doc. #37) at 3.)

2 Plaintiffs moved for an entry of clerk's default on March 25, 2014. (Pls.' Mot.
3 for Entry of Clerk's Default (Doc. #40).) They included in their filing a declaration stating
4 Sorokin and ISEE3D had been served, had not yet appeared or otherwise responded to the
5 action, and the deadline for Sorokin's appearance was August 8, 2013, and the deadline for
6 ISEE3D's appearance was February 27, 2014. (Id., Decl. of Allyson R. Noto.) The Clerk
7 of Court entered default with respect to Sorokin and ISEE3D on March 26, 2014. (Default
8 (Doc. #42); Default (Doc. #43).)

9 Plaintiffs now move for default judgment against Sorokin and ISEE3D in the
10 amount of $11,864,246.66. (Appl. for Default J. Against Defs. ISEE3D, Inc. & Ilya
11 Sorokin (Doc. #71); Proposed Default J. Against Defs. ISEE3D, Inc. & Ilya Sorokin (Doc.
12 #72).) Sorokin opposes Plaintiffs' Motion and countermoves to set aside the Clerk's entry
13 of default. (Def. Ilya Sorokin's Mot. to Set Aside Default (Doc. #74); Def. Ilya Sorokin's
14 Opp'n to Appl. for Default J. (Doc. #75).) ISEE3D did not oppose Plaintiffs' Motion and
15 has not made an appearance in this case.

16 **II. MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT (Doc. #74)**

17 Sorokin moves to set aside the Clerk's entry of default, arguing the default is
18 void because he was not properly served with the Summons and Amended Complaint.
19 Specifically, Sorokin argues leaving the Summons and Amended Complaint with the
20 doorman at a building where he does not maintain his permanent residence does not
21 constitute personal service under Federal Rule of Civil Procedure 4(e). Sorokin further
22 argues the Court lacks personal jurisdiction over him. Additionally, Sorokin argues that
23 setting aside the default would not prejudice Plaintiffs, that he possesses meritorious
24 defenses, and that he lacks culpability regarding default being entered.

25 Plaintiffs respond that the default is not void because they served Sorokin in
26 accordance with Nevada Revised Statutes § 14.090(1)(a), which permits service of process

3

on a guard at a guard gate who denies access to a residence. Plaintiffs further argue that a person may have more than one dwelling or usual place of abode for the purposes of Federal Rule of Civil Procedure 4(e), and therefore service at the New York City apartment, which belongs to a company of which Sorokin is the CEO, was proper even if Sorokin also maintains a residence in Connecticut. Additionally, Plaintiffs argue the Court has personal jurisdiction over Sorokin under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1965(b), and under the conspiracy theory of personal jurisdiction. Finally, Plaintiffs argue there is not good cause to set aside the default because Sorokin's failure to respond to the Amended Complaint was culpable as he properly was served at the New York City corporate apartment.

In his reply, Sorokin requests that the Court defer ruling on the issues of whether service at the New York City corporate apartment was proper and whether there is personal jurisdiction because Sorokin wishes to address these issues in subsequent briefing. (Def. Ilya Sorokin's Mot. to Set Aside Default at 7 n.1; Def. Ilya Sorokin's Reply in Support of Mot. to Set Aside Default (Doc. #78) at 5.) At this time, Sorokin requests that the Court set aside the default only.

The Court may set aside the entry of default for "good cause." Fed. R. Civ. P. 55(c); United States v. Signed Pers. Check No. 730 of Yubran S. Mesle ("Mesle"), 615 F.3d 1085, 1091 (9th Cir. 2010). In ruling on a motion to set aside a default, the Court considers whether the plaintiff would be prejudiced if the default is set aside, whether the defendant has a meritorious defense, and whether the defendant engaged in culpable conduct that led to the default. Id. The defendant bears the burden of demonstrating that these factors favor setting aside the default. TCI Grp. Life Ins. Plan v. Knoebber ("TCI"), 244 F.3d 691, 696 (9th Cir. 2001), overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001). If the defendant fails to meet its burden with respect to any of these factors, the Court may deny the motion to set aside the default. Mesle, 615 F.3d at 1091.

To determine whether the plaintiff would be prejudiced if the default judgment is set aside, "[t]he standard is whether his ability to pursue his claim will be hindered." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984).  Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to the plaintiff.  TCI, 244 F.3d at 701.  Similarly, requiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice.  Id.  Rather, the delay must result in some tangible harm, such as "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion."  Id. (quotation omitted).

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, the defendant seeking to vacate a default must present specific facts that would constitute a defense.  Id. at 700.  There must be some possibility that the suit would have a different outcome at trial than the result achieved by default.  Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986).

Finally, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI, 244 F.3d at 697 (emphasis and quotation omitted).  However, if the defendant offers a good faith explanation for its neglectful failure to answer, and that explanation negates any intent to take advantage of the plaintiff, interfere with judicial decisionmaking, or otherwise manipulate the legal process, such failure is not "intentional."  Id. at 697–98.  For example, where the defendants received actual notice of the lawsuit, but failed to answer because they did not believe the court had subject matter jurisdiction, the defendants' failure to answer was not culpable.  Id. at 698.  Instead, a defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id.

This test is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Brandt v. Am. Bankers Ins. Co. of Fla.,

5

653 F.3d 1108, 1111 (9th Cir. 2011) (quotation omitted).  The Court has discretion to determine whether to set aside a default.  O'Connor v. State of Nev., 27 F.3d 357, 364 (9th Cir. 1994).  The Court's discretion is especially broad when considering a motion to set aside an entry of default, as opposed to a default judgment.  Id.  Generally, cases should be decided on the merits, rather than by default.  See, e.g., Mesle, 615 F.3d at 1091.

Here, Sorokin has demonstrated good cause to set aside the default.  Sorokin's failure to answer was not culpable.  He has a good faith explanation for his failure to answer the Amended Complaint by the deadline because Sorokin contends that service of process on the doorman at the New York City corporate apartment was improper.  Sorokin submits a declaration stating that he did not learn of the lawsuit until March or April of 2014, that upon learning of the lawsuit he contacted Plaintiffs' counsel and informed them he wished to defend himself, and that within weeks of learning of the lawsuit, he traveled to Las Vegas to retain counsel.  This explanation negates an intent to take advantage of Plaintiffs, interfere with judicial decisionmaking, or otherwise manipulate the legal process.  Although Plaintiffs argue the delay to the case occasioned by Sorokin's failure to answer hindered the proceedings, Plaintiffs do not point to any evidence of tangible harm caused by the delay.

Sorokin also has presented several meritorious defenses in his Motion to Set Aside Default.  Sorokin argues service of process was defective.  Sorokin further argues the Amended Complaint does not allege sufficient facts to demonstrate the Court has personal jurisdiction over him.  Specifically, Sorokin argues the Amended Complaint does not allege any facts indicating that he has continuous, systematic contacts with Nevada, that he has purposely directed his activities to Nevada, or that the claims against him arise from his contacts with Nevada.  Sorokin further contends Plaintiffs' claims are defectively pled, that he does not owe a fiduciary duty to Plaintiffs, that any of his actions related to removing Plaintiff Smith from ISEE3D's board of directors are protected by the business judgment

rule, and that he has various affirmative defenses.  Because Sorokin has raised these defenses, there is at least some possibility that the outcome of Plaintiffs' claims will be different at trial than the outcome by default.

Sorokin notes that Plaintiffs would not be prejudiced if the default was set aside because discovery has not closed and Plaintiffs otherwise have not been hindered in pursing their claims.  Although Plaintiffs argue Sorokin's failure to respond to the Amended Complaint was culpable and resulted in delay, they do not argue it has resulted in loss of evidence or increased difficulties of discovery, or that it has increased the possibility of fraud by Defendants.  Setting aside a default must do more than simply delay resolution of the case to be considered prejudicial to Plaintiffs.  TCI, 244 F.3d at 701.  Thus, Plaintiffs would not be prejudiced if the Court sets aside the entry of default.  Finally, setting aside the default promotes the policy of deciding cases on the merits, rather than by default.  The Court therefore will grant Sorokin's Motion to Set Aside the Default.

### III. APPLICATION FOR DEFAULT JUDGMENT (Doc. #71)

Plaintiffs move for default judgment against ISEE3D[1] in the amount of $11,864,246.66, arguing default judgment is appropriate under the circumstances of this case.  Specifically, Plaintiffs argue that they will suffer prejudice if a default judgment is not entered, that the merits of their claims and sufficiency of the Amended Complaint favor entry of default judgment, and that the amount of damages they are seeking is appropriate in light of ISEE3D's conduct.  Plaintiffs further argue there is no possibility of dispute concerning material facts due to ISEE3D's failure to participate in this case.  Plaintiffs contend ISEE3D's failure to answer or otherwise respond to the Amended Complaint was not due to excusable neglect because ISEE3D received service of the Summons and Complaint six months before Plaintiffs filed the Application for Default Judgment, and

---

[1] Plaintiffs also move for default judgment against Sorokin, however, Plaintiffs' Motion is moot as to Sorokin given that this Order vacates the Clerk's entry of default as to Sorokin.

7

given the extended period of time ISEE3D has had notice of the action, the possibility of excusable neglect is "de minimis." (Appl. for Default J. (Doc. #71) at 9.) Finally, Plaintiffs argue a decision on the merits is impractical given ISEE3D's failure to participate in the case.

Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Court must extend the 120-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 120 days. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. Id. The Court may extend time for service even after the 120-day period expires. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

By its terms, Rule 4(m) does not apply to service in a foreign country, and Rule 4(m)'s 120-day limit does not govern service of a foreign defendant. Lucas v. Natoli, 936 F.2d 432, 432–33 (9th Cir. 1991). Rather, Rule 4(h)(2) and Rule 4(f) govern service on a foreign corporation. Neither Rule 4(h)(2) nor Rule 4(f) contain an express time limit for service.

Here, Plaintiffs twice moved the Court for an extension of time to serve all Defendants. Both times, Plaintiffs raised the issue that all Defendants except Defendant Bay Management Ltd. were foreign. The Court set a service deadline that applied to all

8

Defendants, including those that the Court understood to be foreign.  In their second Motion, Plaintiffs asked for a 180-day extension.  The Court ruled that 180 days were not necessary and set August 5, 2013, as the deadline to accomplish service on all Defendants, foreign and domestic.  Plaintiffs accomplished service on ISEE3D on February 6, 2014, which was 185 days after the court-ordered deadline.  Plaintiffs therefore failed to timely serve ISEE3D.  Absent proper service of process, the Court lacks jurisdiction to enter default judgment against ISEE3D.  See S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007) (stating that a default judgment is void if the defendant to the suit was never properly served).  The Court therefore will deny Plaintiffs' Application for Default Judgment.

Given that Plaintiffs failed to timely serve ISEE3D by the deadline imposed by this Court, the Court further orders Plaintiffs to show cause, in writing no later than January 6, 2015, why this action should not be dismissed as to ISEE3D pursuant to Federal Rule of Civil Procedure 4(m).  In doing so, Plaintiffs shall address whether there is good cause why service was not made by the court-ordered deadline.  The parties are advised that in the Court's view, Plaintiffs' failure to comply with the court-ordered deadline, combined with a failure to request an extension of that deadline, weighs strongly against a finding of good cause.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Ilya Sorokin's Motion to Set Aside Default (Doc. #74) is hereby GRANTED.  The Entry of Clerk's Default against Defendant Ilya Sorokin (Doc. #42) is hereby VACATED.

IT IS FURTHER ORDERED that Defendant Ilya Sorokin shall answer or otherwise respond to the Amended Complaint within twenty-one (21) days from the date of this Order.

IT IS FURTHER ORDERED that Plaintiffs' Application for Default Judgment (Doc. #71) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall show cause, in writing no later than January 6, 2015, why this action should not be dismissed as to Defendant ISEE3D, Inc. Failure to do so will result in the automatic dismissal of this action, without prejudice, as to Defendant ISEE3D, Inc.

DATED: December 29, 2014

_____
PHILIP M. PRO
United States District Judge