UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PANLIANT FINANCIAL CORPORATION, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | ) 2:12-CV-01376-PMP-CWH<br>)<br>) ORDER |
| ISEE3D, Inc., et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

Presently before the Court is Plaintiffs Panliant Financial Corporation, Alan G. Smith, and A.G. Solutions Limited's Response to Order to Show Cause Why ISEE3D, Inc. Should Not Be Dismissed in Response to Court's Order Dated 12/29/14 and Motion to Extend Time to Serve Pursuant to Federal Rule of Civil Procedure 4(m) Nunc Pro Tunc (Doc. #89) ("Response to Order to Show Cause"), filed January 8, 2015.

Plaintiffs previously moved for default judgment against Defendant ISEE3D, Inc. ("ISEE3D") in the amount of $11,864,246.66. (Appl. for Default J. Against Defs. ISEE3D, Inc. & Ilya Sorokin (Doc. #71).) Given that Plaintiffs did not serve ISEE3D until 185 days after the August 5, 2013, court-ordered deadline, and did not move to extend the deadline, the Court denied Plaintiffs' Application for Default Judgment. (Order (Doc. #87) at 7-10.) The Court further ordered Plaintiffs to show cause why this action should not be dismissed as to ISEE3D pursuant to Federal Rule of Civil Procedure 4(m). (Id. at 9.) In its Order, the Court advised Plaintiffs that their "failure to comply with the court-ordered deadline, combined with a failure to request an extension of that deadline, weighs strongly against a

finding of good cause" as to why service was not made by the court-ordered deadline. (Id.)

Plaintiffs respond that there is good cause why service was not completed by the court-ordered deadline. Specifically, Plaintiffs argue they exercised diligence in serving ISEE3D. Plaintiffs submit affidavits by Plaintiff Alan Smith and Plaintiffs' counsel, Allyson R. Noto, which describe in detail the efforts Plaintiffs made to serve ISEE3D. (Response to Order to Show Cause, Ex. 1 ["Noto Aff."], Ex. 2 ["Smith Aff."].) Based on the affidavits, it appears that the delay in serving ISEE3D partly was occasioned by the fact that Plaintiffs' former counsel, who had initiated service on ISEE3D, withdrew from the case on July 2, 2013, approximately one month before the court-ordered service deadline. (Smith Aff. at 2; Order (Doc. #21).) For instance, the affidavits describe the difficulties Plaintiffs and Plaintiffs' current counsel encountered in attempting to communicate with former counsel regarding the status of service, as well as the difficulties current counsel encountered in confirming the status of service with Judicial Process & Support, the company that former counsel hired to serve ISEE3D. (Noto Aff. at 2-3; Smith Aff. at 2.) An additional complicating factor was that Plaintiffs' current counsel did not receive Plaintiffs' signed retainer agreement and begin reviewing Plaintiffs' file until August 27, 2013, which was after the court-ordered deadline already had passed. (Noto Aff. at 2.)

According to Plaintiffs' current counsel, "[g]ood cause exists that service was not accomplished by August 5, 2013 as I had no information available prior to the expiration of the deadline to suggest that Plaintiffs former counsel had not properly initiated service." (Noto Aff. at 4.) Plaintiffs' counsel further states "[t]hat upon being retained and it [was] conclusively established that Plaintiffs' former counsel had initiated service of process via Judicial Process, I and the Plaintiffs took additional steps to serve via Federal Express in conjunction with what service the undersigned believed was being effectuated by Judicial Process." (Id.) (emphasis omitted). Given that ISEE3D's former counsel refused to accept service of process at ISEE3D's last known address, Plaintiffs investigated additional

2

addresses where they could serve ISEE3D. (Noto Aff. at 4-5; Smith Aff. at 3.) Ultimately, Plaintiffs hired a process server who served the Summons and Amended Complaint on February 6, 2014, "by mail slotting them at the Registered Office address listed on the Corporate Profile with Corporations Canada." (Resp. to Order to Show Cause, Ex. 8 at 1.)

Plaintiffs further respond that ISEE3D received actual notice of the lawsuit through the process server's delivery of the Summons and Amended Complaint to the Registered Office. Plaintiffs contend ISEE3D has not been prejudiced by the delay in service because it has had ample time to participate in the lawsuit, but has failed to do so. On the other hand, Plaintiffs argue they will suffer severe prejudice if the case is dismissed as to ISEE3D because the applicable statutes of limitation likely will have run on Plaintiffs' claims. In sum, Plaintiffs request that the Court "find that there was good cause that service was not effectuated by the deadline, extend time for service of ISEE3D nunc pro tunc and enter default judgment against ISEE3D." (Resp. to Order to Show Cause at 16.)

Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic defendants:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Court must extend the 120-day time limit of Rule 4(m) if the serving party shows good cause for failure to serve within 120 days. Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009). If the serving party does not show good cause, the Court has discretion to extend time for service, or to dismiss the complaint without prejudice. In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). The Court's discretion to extend time for service, or to dismiss without prejudice for failure to timely serve, is broad. Id. The Court may extend time for service even after the 120-day period expires. Efaw v. Williams, 473 F.3d 1038,

3

1041 (9th Cir. 2007).

When a defendant is not timely served, the serving party bears the burden of demonstrating good cause for the delay.  Fed. R. Civ. P. 4(m); see also Boudette v. Barnette, 923 F.2d 754, 755-56 (9th Cir. 1991).  Courts must determine on a case-by-case basis whether the serving party has shown good cause.  In re Sheehan, 253 F.3d at 512.  Generally, good cause is equated with diligence.  Townsel v. Contra Costa Cnty., Cal., 820 F.2d 319, 320 (9th Cir. 1987).  A showing of good cause requires more than inadvertence or mistake of counsel.  Id.  "[A]t a minimum, good cause means excusable neglect."  In re Sheehan, 253 F.3d at 512 (quotation omitted).  Additionally, a serving party may need to show that the party to be served received actual notice of the lawsuit, the party to be served would suffer no prejudice, and the serving party would be severely prejudiced if the complaint is dismissed.  Id.  The Court also may consider whether the serving party eventually accomplished service.  Efaw, 473 F.3d at 1041.

Here, Plaintiffs twice moved the Court for an extension of time to serve all Defendants.  (Order (Doc. #87) at 2.)  The Court granted both motions, and set August 5, 2013, as the deadline to accomplish service on all Defendants.  (Id.)  Plaintiffs accomplished service on ISEE3D on February 6, 2014, which was 185 days after the court-ordered deadline.  (Id.; Resp. to Order to Show Cause, Ex. 8 at 1.)  Plaintiffs therefore failed to timely serve ISEE3D.

Plaintiffs have not demonstrated good cause to extend time to serve ISEE3D.  Plaintiffs have shown that ISEE3D eventually was served with the Summons and Amended Complaint via delivery in the mail slot at the Registered Office.  Although Defendants Dwight Romanica and Ilya Sorokin, whom Plaintiffs allege are former officers and board members, respectively, of ISEE3D, are participating in the lawsuit, it is unclear whether ISEE3D has actual knowledge of the lawsuit, so the Court cannot evaluate whether ISEE3D would be prejudiced if time were extended.  Plaintiffs have shown they would be severely

1 prejudiced by a dismissal for failure to timely serve ISEE3D because the applicable statutes
2 of limitations likely would preclude them from refiling their lawsuit and timely serving
3 ISEE3D.

4 However, Plaintiffs have failed to demonstrate they were diligent in serving
5 ISEE3D. According to Plaintiffs, "it is unknown why Plaintiffs' former counsel did not
6 ultimately provide the required documentation to Judicial Process until shortly before the
7 deadline to serve . . . ." (Resp. to Order to Show Cause at 10.) Although the Mr. Smith's
8 affidavit describes in detail the efforts Plaintiffs took related to service on ISEE3D both
9 before and after the court-ordered deadline, Plaintiffs offer no evidence or explanation as to
10 why they did not move to extend the service deadline when they were unable to confirm
11 whether service would be accomplished by the court-ordered deadline. Although Plaintiffs'
12 current counsel did not begin working on this case until after the service deadline had
13 passed, her affidavit indicates that former counsel was uncommunicative and that she was
14 unable to confirm the status of service with Judicial Process & Support. Regardless,
15 Plaintiffs do not offer evidence or explanation as to why they did not move to extend the
16 service deadline after they retained new counsel. Plaintiffs demonstrated a similar lack of
17 diligence in serving Defendant Bay Management Ltd., which previously was dismissed
18 from this case because it was served 53 days after the court-ordered deadline. (Order (Doc.
19 #70).)

20 Under Rule 4, the Court has discretion, even without good cause, to extend the
21 time for service, but the Court declines to do so under the circumstances of this case.
22 Plaintiffs previously were afforded two extensions of time to serve all Defendants.
23 Nevertheless, Plaintiffs served ISEE3D 185 days after the court-ordered deadline, and
24 failed to move to extend the court-ordered deadline. Plaintiffs also failed to meet the
25 court-ordered service deadline with respect to Defendant Bay Management. Under these
26 circumstances, the Court declines to extend time to serve ISEE3D for a third time. The

Court therefore will deny Plaintiffs' Motion to Extend Time to Serve and will dismiss this case as to ISEE3D. To the extent Plaintiffs' Motion also seeks reconsideration of the Court's Order (Doc. #87) denying Plaintiffs' Motion for Default Judgment as to ISEE3D, any such motion also is denied.

IT IS THEREFORE ORDERED that Plaintiffs Panliant Financial Corporation, Alan G. Smith, and A.G. Solutions Limited's Response to Order to Show Cause Why ISEE3D, Inc. Should Not Be Dismissed in Response to Court's Order Dated 12/29/14 and Motion to Extend Time to Serve Pursuant to Federal Rule of Civil Procedure 4(m) Nunc Pro Tunc (Doc. #89) is DENIED.

IT IS FURTHER ORDERED that this action is DISMISSED as to Defendant ISEE3D, Inc.

DATED: January 15, 2015

_____
PHILIP M. PRO
United States District Judge