1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   PANLIANT FINANCIAL CORP., *et al.*,       )
                                              )       Case No.: 2:12-cv-01376-RFB-CWH
10                          Plaintiffs,        )
     vs.                                       )       **REPORT AND RECOMMENDATION**
11                                             )       **AND ORDER**
     ISEE3D, Inc., *et al.*,                   )
12                                             )
                            Defendants.        )
13   _____)

14          This matter is before the Court on the order to show cause hearing held on July 15, 2015 in

15   which Defendant Dwight Romanica ("Romanica") failed to appear.  See Doc. # 123.

16                                    **BACKGROUND**

17          Plaintiffs Panliant Financial Corporation, Alan G. Smith, and A.G. Solutions Limited

18   ("plaintiffs") filed their complaint on August 3, 2012.  See Doc. # 1.  Plaintiffs subsequently filed

19   an amended complaint on December 3, 2012.  See Doc. # 4.  In an effort to serve Romanica in this

20   case, plaintiffs filed a motion to serve through alternative means, which this Court denied without

21   prejudice.  See Doc. # 53; Doc. # 54.  Plaintiffs then filed a motion to extend the time to complete

22   service on Romanica, which this Court granted.  See Doc. # 56; Doc. # 59.  On June 23, 2014,

23   Romanica filed an answer to plaintiffs' amended complaint.  See Doc. # 63.  Thereafter, Romanica's

24   counsel filed a motion to withdraw as attorney, which this Court granted.  See Doc. # 79; Doc. # 80.

25   As it stands, Romanica is proceeding pro se in the instant action.

26          At a hearing held on March 26, 2015, the Court entered an order granting plaintiffs' motion

27   to compel discovery from Romanica, and ordered Romanica to appear at a deposition that would be

28   re-noticed by plaintiffs.  See Doc. # 112.  Since that time, however, plaintiffs contend that Romanica

still has not produced the discovery sought, and Romanica failed to appear at the deposition re-noticed and set on May 22, 2015, which prompted plaintiffs to file a motion for attorney's fees and a motion for sanctions.  See Docs. # 114, # 117, # 119.  Thereafter, the Court entered an order directing Romanica to show cause why plaintiffs' motions should not be granted, and why Romanica should not be sanctioned up to and including entry of default judgment for failing to comply with this Court's March 26th order.  See Doc. # 122.  Romanica did not respond to the Court's order and failed to appear at the show cause hearing held on July 15, 2015.  See Doc. # 123.  Thus, the Court now enters this report recommending an entry of default judgment against Romanica.

## DISCUSSION

**1.      Entry of Default Judgment**

The broad, underlying purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding."  See Fed.R.Civ.P. 1.  This objective guides the courts as they construe and administer the federal rules, with various mechanisms helping courts achieve this objective, including the ability to manage caseloads and to sanction parties who fail to comply with the rules or who unnecessarily multiply proceedings.

For example, Rule 16, a central pretrial rule, authorizes courts to manage cases "so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated."  In re Phenylpropanolamine Products Liability Litigation, 460 F.3d 1217, 1227 (9th Cir. 2006).  Subsection (f) allows courts to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney... fails to obey a scheduling order or other pretrial order," including sanctioning a party by dismissing an action.  See Fed.R.Civ.P.16(f); Fed.R.Civ.P.37(b)(2)(A)(v).

Generally, however, drastic sanctions that, among others, dismiss an action are imposed only as a last resort.  See Henry v. Gill Industries, 983 F.2d 943, 948 (9th Cir. 1993).  In determining sanctions under Rule 37(b)(2), a court may consider the following five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See Connecticut General Life Ins. Co. v. New Images of

1   Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).  However, the Ninth Circuit has held that it is

2   not always necessary for courts to impose less severe sanctions first, or to give explicit warnings that

3   sanctions may be imposed.  See Valley Engineers Inc. v. Electric Engineering Company, 158 F.3d

4   1051, 1057 (9th Cir.1998).

5        Moreover, the court may consider the offending party's conduct when determining the

6   appropriate sanctions.  See Henry, 983 F.2d at 947.  Nevertheless, the offending party's conduct

7   must be based on wilfulness, fault, or bad faith for more drastic sanctions to be appropriate.  Id. at

8   947-48 (citing Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir. 1990)).

9        The Court now turns to Rule 37(b)(2)'s five-part test to determine whether the drastic

10  sanction of entering default is justified based on Romanica's absence in this litigation and failure

11  to obey this Court's prior orders.

12       **a.    Expeditious Resolution of Litigation**

13       "Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By

14  the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly

15  in money, memory, manageability, and confidence in the process."  In re Phenylpropanolamine

16  Products Liability Litigation, 460 F.3d at 1227.

17       Here, Romanica failed to comply with court orders (docs. # 112, # 122 ) by withholding

18  discovery, failing to appear at depositions, failing to respond to the order to show cause, and failing

19  to appear at the show cause hearing held on July 15, 2015.  Romanica's behavior is inconsistent with

20  Rule 1's directive to "secure a just, speedy, and inexpensive" determination of this action.

21  Accordingly, this factor weighs in favor of entering sanctions against Romanica.

22       **b.    Court's Need to Manage Its Docket**

23       It has long been recognized that the court's inherent power to control its docket includes the

24  ability to issue drastic sanctions, such as striking an answer or entering a default judgment, where

25  appropriate.  See Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir 1986)

26  (citation omitted).  Indeed, the U.S. Supreme Court has noted that sanctions "must be available to

27  the district court in appropriate cases, not merely to penalize those whose conduct may be deemed

28  to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence

1   of such a deterrent." <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 642

2   (1976).

3        In this case, Romanica has repeatedly disregarded this Court's orders. Indeed, it appears that

4   Romanica is deliberately ignoring and refusing to comply with this Court's orders, and has not

5   bothered to justify his actions. Romanica's failures have thwarted the advancement of this litigation,

6   making it difficult for this Court to effectively manage its docket. As a result, this factor weighs in

7   favor of sanctions.

8        **c.    Risk of Prejudice**

9        The actions of one party that "impair" another party's "ability to proceed to trial or...

10  interfere with the rightful decision of the case" are prejudicial. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639,

11  642 (9th Cir. 2002). Romanica has refused to participate in this action through willful violation of

12  court orders. Romanica's conduct is highly prejudicial and impairs plaintiffs' ability to conduct

13  discovery and proceed to trial. Accordingly, this factor also weighs in favor of sanctions against

14  Romanica.

15       **d.    Public Policy**

16       "[T]he public policy favoring disposition of cases on their merits strongly counsels against"

17  sanctions. <u>In re Phynylpropanolamine Products Liability Litigation</u>, 460 F.3d at 1228 (citation

18  omitted). Although this factor may advise against default being entered against Romanica, it is not

19  enough to prevent such an outcome, especially since Romanica's conduct has made it impossible

20  for further proceedings involving him in the instant case. Thus, this factor is entitled to little weight

21  where, as here, a party completely refuses to cooperate in discovery. <u>See id</u>.; <u>In re Exxon Valdez</u>,

22  102 F.3d 429, 433 (9th Cir. 1996) (policy favoring disposition on merits deemed of little weight in

23  light of parties' total refusal to provide discovery).

24       **e.    Less Drastic Sanctions**

25       The Court must consider the adequacy of less drastic sanctions in the instant case. Two

26  considerations are relevant to this Court's analysis: (1) whether lesser sanctions are adequate, and

27  (2) whether the court warned the recalcitrant party about the possibility of sanctions. <u>Connecticut</u>

28  <u>General Life Ins. Co.</u>, 482 F.3d at 1096.

It is obvious that Romanica has not participated in this action in good faith by failing to comply with court orders.  Indeed, it appears that Romanica has no intention of satisfying any of his pre-trial obligations in this case.  Importantly, the Court expressly warned Romanica of sanctions, including the possibility of default judgment against him.  See Doc. # 122.  Consequently, this factor weighs in favor of sanctions against Romanica.

After careful consideration, the Court finds that entering default against Romanica is appropriate in the instant case.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (Drastic sanctions are appropriate when, as here, four factors support such a finding).

**2.    Motion for Sanctions (doc. # 117)**

Plaintiffs ask the Court to strike Romanica's answer and enter default against him.  Because plaintiffs fail to show why a terminating sanction (i.e., striking Romanica's answer) is necessary over and above entering default against Romanica, the request to strike Romanica's answer is denied.  As such, plaintiffs' motion is granted in part and denied in part.

**3.    Motions for Attorney's Fees (doc. # 114)**

The Court considers the drastic sanction of an entry of default judgment against Romanica to be a sufficient sanction in this case.  As such, plaintiffs' motion is denied.

### CONCLUSION, RECOMMENDATION, AND ORDER

Based on the foregoing and good cause appearing therefrom, **IT IS HEREBY RECOMMENDED** that default be entered against Romanica.

**IT IS FURTHER ORDERED** that plaintiffs' motion for sanctions (doc. # 117) is **granted in part and denied in part.**

**IT IS FURTHER ORDERED** that plaintiffs' motion for attorney's fees (doc. # 114) is **denied.**

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  Thomas v. Arn, 474 U.S. 140, 142 (1985).  This circuit

1   has also held that failure to file objections within the specified time, and failure to properly address

2   and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal

3   factual issues from the order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991); <u>Britt v. Simi</u>

4   <u>Valley United Sch. Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983).

5          DATED: July 28, 2015

6

7

8                                        _____
                                         **C.W. Hoffman, Jr.**
                                         **United States Magistrate Judge**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28