# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PANLIANT FINANCIAL CORP., et al., | Case No.: 2:12-cv-01376-RFB-CWH |
| Plaintiffs, | |
| vs. | **REPORT AND RECOMMENDATION** |
| ISEE3D, Inc., et al., | |
| Defendants. | |

This matter is before the court on Defendants Bay Management LTD and Mark Geohegan's Motion for Attorney's Fees (ECF No. 149), filed May 9, 2016. Plaintiffs Panliant Financial Corporation, Alan G. Smith, and A.G. Solutions Limited filed an opposition (ECF No. 150) on May 26, 2016. Defendants filed a reply (ECF No. 151) on June 2, 2016.

## I.   BACKGROUND

The parties are well aware of the facts of this case, and the court will not restate them here except as needed to explain this recommendation. On March 25, 2014, Defendant Bay Management filed a Motion to Dismiss, which was granted on July 21, 2014. (Mot. to Dismiss (ECF No. 41); Order (ECF No. 70).)[1] On March 23, 2015 Defendant Geoghegan filed a Motion for Summary Judgment, which was granted on April 26, 2016. (Mot. for Summ. J. (ECF No. 111); Order (ECF No. 145).)

Defendant Geohegan argues that because he is the prevailing party, he is entitled to the recovery of attorney's fees under the provisions of NRS 18.010, which provides for fees to a

---

[1] No motion for fees or costs was submitted at that time. *See* Fed. R. Civ. P. 54(d)(2) (A motion for attorneys fees should be made within 14 days of judgment.)

prevailing party who recovered not more than $20,000, or because Plaintiffs' claims were brought or maintained without reasonable ground or to harass the prevailing party. Plaintiffs respond that Defendant is not entitled to the award of attorney's fees and costs because he did not receive a money judgment under $20,000, and he failed to provide the court with any evidence that Plaintiffs' claims were brought or maintained without reasonable grounds or to harass Defendants. Moreover, Plaintiff argues that Defendants' costs and fees application is deficient under the court's Local Rules of Practice.

## II.  DISCUSSION

A party to a lawsuit ordinarily bear its own attorney's fees; this is known as the "American Rule." *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Federal courts may award attorney's fees if there is a valid contract that provides for the award, an express statutory authority or rule, or the court awards fees under its inherent equitable powers, in the interests of justice. *See U.S. v. Std. Oil Co. of California*, 603 F2d 100 (9th Cir. 1979). Here, Defendant claims that the express statutory authority of Nevada Revised Statutes § 18.010 allows an award of attorney fees. It provides:

> In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:
> **(a) When the prevailing party has not recovered more than $ 20,000; or**
> (b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was **brought or maintained without reasonable ground or to harass the prevailing party**.

NRS 18.010(2) (emphasis added).

Defendant argues that when his motion for summary judgment was granted, he was a prevailing party who did not recover more than $20,000 and therefore he is entitled to recover his fees. Plaintiffs correctly note, however, that the Nevada Supreme Court has consistently required a money judgment for recovery of attorney's fees under NRS 18.010(2)(a). *See, e.g., Singer v. Chase Manhattan Bank*, 111 Nev. 289, 294 (Nev. 1995). Defendant did not address this line of cases. Because Defendant did not recover a money judgment, he may not recover attorney's fees under NRS 18.010(2)(a). *See id.*

The court also agrees with Plaintiffs that the Defendant is not entitled to fees under NRS

- 2 -

/

18.010(2)(b) because he has failed to provide the court with any evidence or argument that Plaintiffs' claims were brought or maintained without reasonable grounds or to harass. The court therefore will recommend that Defendant's motion be denied.

Finally, Defendant argues he is entitled to his costs. Plaintiffs disagree, arguing that Defendant has failed to provide an itemization and documentation of the requested costs. In his reply, Defendant for the first time provides an itemization and documentation to support his claim for costs. Under the court's local rules, a party who objects to a bill of costs must file and serve an objection, and the prevailing party who filed the bill of costs may file a response to the objection. LR 54-1(c). The clerk of court will then enter an order disposing of the bill of costs. LR 54-1(d). Given that the clerk of court will address Defendant's bill of costs (ECF No. 148), as well as the arguments regarding costs included in the parties' briefs, the court expresses no opinion regarding costs at this time. In the future, the parties are advised to file separate objections and responses to the bill of costs, rather than combining their arguments with the motion for attorney's fees.

### III.  RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Defendants Bay Management LTD and Mark Geohegan's Motion for Attorney's Fees (ECF No. 149) be DENIED.

### IV.  NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 13, 2016

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**